Dr. Stewart Lucas Murrey
1217 Wilshire Blvd. # 3655
Santa Monica, CA 90403
Tel.: (424) 278-3017
Email: 2@lucasmurrey.io
Website: lucasmurrey.com
SocialMedia: sickoscoop.com/lucas

Plaintiff & Plaintiff in Pro Se


FILED
OCT 10 2024
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:            Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MS. AMY LYNNE BLALOCK, an individual;<br>            Debtor,<br><br>DR. STEWART LUCAS MURREY, an individual;<br>            Plaintiff,<br><br>MS. AMY LYNNE BLALOCK, an individual;<br>            Defendant. | Amended Adversary Complaint Case No. 24-ap-01152-BR<br>[Assigned to: Hon. Judge Barry Russell]<br><br>Related: Bankruptcy Case No.<br>24-bk-12532-BR-Chapter 7<br>[Assigned to: Hon. Judge Barry Russell]<br><br>COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(6) |

Plaintiff DR. STEWART LUCAS MURREY alleges and states as follows:

## I.    VENUE AND JURISDICTION

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(j).

2. The last date for filing complaints to determine the dischargeability of debts pursuant to 11 U.S.C. § 523 is 1 July 2024; and this Court has ordered that an amended adversary complaint shall be filed by 8 November 2024.

3. Venue in this action is proper in this Court pursuant to 28 U.S.C. § 1409.

4. The Debtor and Defendant AMY LYNNE BLALOCK ("Defendant" and "Blalock") filed her voluntary petition under Chapter 7 of the Bankruptcy Code on 2 April 2024 in the United States Bankruptcy Court for the Central District of California, Case No. 2:24-bk-12532-BR.

## II.   PARTIES

5. At all times material hereto, Creditor and Plaintiff, DR. STEWART LUCAS MURREY ("Plaintiff" and "Dr. Murrey") is an individual who resides in the County of Los Angeles.

6. The Debtor and Defendant, Blalock, is an individual who resides in the County of Los Angeles.

## III.   BACKGROUND FACTS AND GENERAL ALLEGATIONS

7. Plaintiff repeats and realleges the allegations contained in paragraphs 1-6, inclusive, and by reference thereto incorporates the same herein as though fully set forth at length.

8. Ever since plaintiff published his first two books in 2014 and 2015 with Noam Chomsky's praise on the backs of them and with reference to Chomsky's criticism of nation-state violence against innocent peoples, plaintiff has suffered various attacks on his person and reputation.

9. In 2016 and throughout 2017 an anonymous group began publishing defamatory remarks about plaintiff on the website WWW.CHEATERREPORT.COM ("Cheaterreport").

10. Said online accounts attacked both plaintiff and his girlfriend at the time while she struggled with cancer.

11. In March of 2018 plaintiff's girlfriend passed from cancer while suffering said anonymous assaults. Those behind this online conspiracy quickly exploited her death to harm plaintiff by alleging that plaintiff had murdered her with "rat poison". Several conspirators were then caught having committed insurance fraud to steal money from plaintiff and several other people.

12. Plaintiff then diligently sued Cheaterreport and those behind said anonymous website in 2019.

13. Plaintiff's research revealed that the criminals who operated and profited from Cheaterreport included Domingo Rivera and Aaron Minc, both of whom have direct ties to the national security state and mafia centered in Ohio and elsewhere. Whereas Rivera admitted under oath in federal court to working in United States Navy Cybersecurity and having had highest level security clearance, Minc's life-project was exposed as extorting money from innocent people who have been harmed by anonymous websites such as Cheaterreport run by Minc's co-criminal conspirators such as Rivera.

14. Plaintiff's research further revealed that a network of anonymous Cheaterreport-like websites had paid Facebook to advertise in furtherance of their anonymous online extortion scam.

Dr. Murrey's Amended Adversary Complaint

15. Although plaintiff properly served Facebook a subpoena to discover and unmask particular anonymous identities who paid Facebook for said advertising, the familiar corruption of the American legal system stood in the way. In particular, the judge on this case (LASC case no. 19SMCV00935) refused to allow plaintiff to compel Facebook to reveal the true identities involved in said monetary transactions between the anonymous Cheaterreport network of extortion websites and Facebook, but without any legal justification, nor rationale.

16. While plaintiff continued his scholarly work and increasing criticism of the national security state and its abuse of social media to surveil, censor and harm the populace, plaintiff discovered that said defective platform and app Facebook with billions of users and its liable products such as its defective algorithms and reward "points" had been weaponized to target plaintiff since at least 2021. Said liable products of Facebook ("Facebook") are defective specifically because they fail to filter and/or stop the circulation of harmful representations to billions of people worldwide even after Facebook is put on notice. This also applies to other defective apps and platforms named herein such as GoFundMe and/or Google.

17. After filing reports against the hundreds of Facebook accounts caught gang-stalking, defaming and cyberbullying plaintiff in a Facebook forum "Are We Dating The Same Guy?" ("AWDTSG") with the FBI and LAPD, plaintiff

- 4 -

Dr. Murrey's Amended Adversary Complaint

filed a lawsuit against particular individuals about whom he had obtained evidence against on 27 June 2023 (LASC case no. 23STCV14890). Said Facebook forum is heinously savage in its criminality because of its secrecy and denial of those harmed from joining the forum to defend themselves, thus effectively denying its victims their freedom of speech.

18. Among said Facebook accounts harming plaintiff to millions of Facebook users in AWDTSG forums was defendant in this case Ms. Amy Blalock.

19. In furtherance of said Facebook conspiracy Blalock stated: "I'm afraid if there's any missing women in LA – he [plaintiff'] has something to do with it."

20. Blalock repeated her accusations of plaintiff as being guilty of kidnapping and murdering women and further associated plaintiff with real serial killers on TV: "He's going to end up on Dateline one day", she further stated.

21. Blalock conspired with others to profit from the harm she caused plaintiff. In particular, she said that she and the other Facebook accounts should make a "documentary" that should be "like *The Tinder Swindler*": a Netflix documentary about a Israeli criminal Shimon Hayut (aka *the Tinder Swindler*) convicted of stealing large amounts of money, fraud, deceit and other serious crimes.

22. Blalock also sought to incite invasions into plaintiff privacy by stating that she had conspired to record plaintiff in secret without his consent. "I have a

- 5 -

Dr. Murrey's Amended Adversary Complaint

work phone and personal phone", Blalock said: "I put them stacked on the bar in front of me and one of them was recording. About 5 mins into sitting there, he [plaintiff] grabbed both of my phones […]".

23. All of the above statements are false. Plaintiff has no memory of Blalock, nor of meeting her; he certainly never gave Blalock permission nor ever consented to her recording him; and he never grabbed Blalock's phone and/or phones. Finally, all of Blalock's absurd and harmful accusations regarding plaintiff and his relationship with women are false.

24. Blalock profited from said Facebook harm to plaintiff by having received Facebook "points" for her participation in said conspiracy to harm plaintiff.

25. Blalock also profited from more recent defamation of plaintiff in 2024 on a malicious GoFundMe webpage whereupon Blalock and her co-conspirators published a fictional story of plaintiff dangerously stalking a woman.

26. Blalock and her accomplices then launched a media smear-campaign promoting false and harmful stories about plaintiff and their GoFundMe webpage to billions of people worldwide.

27. Blalock and others then received hundreds of donations that led to thousands of dollars as a result of her fraudulent and malicious misrepresentation of plaintiff.

28. Said stalking story undersigned by Blalock and her accomplices on their GoFundMe webpage effectively compounded the already severe damage to plaintiff noted above.

29. The conduct described above constitutes willful and malicious defamation (libel) of plaintiff, defamation (*libel*) per se, false light, intentional infliction of emotional distress, unjust enrichment, cyberbullying, sexual discrimination etc. as well as serious crimes such as electronic harassment (653.2 PC) and stalking (646.9 PC) etc.

30. Further, Blalock has been caught conspiring to willfully and maliciously deploy defective products such as the Facebook platform and app, its algorithms and reward "points" to both harm plaintiff and to profit from said intentional harm. This is a critical part of this lawsuit since damage experts are just now beginning to understand the profound harm and life-long harm caused by such willful and malicious online behavior that reaches billions of other people online.

31. As a proximate result of defendant's intentional conduct plaintiff has suffered serious damages, including, but not limited to emotional distress, embarrassment and humiliation.

### IV.    FIRST CLAIM FOR RELIEF FOR NON-DISCHARGEABILITY OF JUDGMENT DEBTS BASED ON 11 U.S.C. § 523(a)(6) – WILLFUL AND MALICIOUS PERSONAL INJURY

32. Plaintiff repeats and realleges the allegations contained in paragraphs 1-31, inclusive, and by reference thereto incorporates the same herein as though fully set forth at length.

33. Defendant is an individual debtor.

34. The plaintiff's claims against defendant arise from her willful and malicious acts that resulted in injury to plaintiff. This includes Blalock's willful and malicious deployment of products she knew to be defective such as the Facebook and GoFundMe apps and platforms, their algorithms and rewards, points and/or monetary compensation.

35. The above-noted statements by Blalock were willfully made and malicious: she was fully aware of the severe harm they would and did cause plaintiff. Cyberbullying is a relatively new horror within our society. It is one that damage expert are just now starting to explore and which has been estimated to be of unusual power in the harm caused to its victims. Further, Blalock is guilty of not only serious tortious malfeasance against plaintiff, but also of having committed serious crimes such as electronic harassment and stalking and for which plaintiff has the right to prosecute Blalock for her debts being thus non-dischargeable.

36. Plaintiff properly served Blalock his above-noted original state court case along with a statement of damages. Only after Blalock failed to dismiss said case due to her failed anti-SLAPP motion and precisely when plaintiff sent

Blalock a final meet & confer letter regarding her discovery responses being due did Blalock file in bad faith her bankruptcy case.

37. As such a sum that exceeds the original $2,600,000.00 of compensatory and punitive damages is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

## V. SECOND CLAIM FOR RELIEF FOR NON-DISCHARGEABILITY OF JUDGMENT DEBTS BASED ON 11 U.S.C. § 523(a)(2)(a) – MONEY, PROPERTY, SERVICES, ETC. TO THE EXTENT OBTAINED BY FALSE PRETENSES, A FALSE REPRESENTATION ETC.

38. Plaintiff repeats and realleges the allegations contained in paragraphs 1-37, inclusive, and by reference thereto incorporates the same herein as though fully set forth at length.

39. Defendant is an individual debtor.

40. The plaintiff's claims against defendant arise from her money, property, services, etc. obtained by false pretenses and false representations such as Blalock's false and harmful representations of plaintiff on Facebook that led to defendant obtaining rewards such as "Facebook points" as well as Blalock's false and harmful representations of plaintiff on her GoFundMe webpage that led to her obtaining thousands of donations and dollars.

41. Plaintiff properly served Blalock his above-noted original state court case along with a statement of damages. Only after Blalock failed to dismiss said case due to her failed anti-SLAPP motion and precisely when plaintiff sent

- 9 -

Dr. Murrey's Amended Adversary Complaint

Blalock a final meet & confer letter regarding her discovery responses being due did Blalock file in bad faith her bankruptcy case.

42. As such a sum that exceeds the original $2,600,000.00 of compensatory and punitive damages is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(a).

### VI. THIRD CLAIM FOR RELIEF FOR NON-DISCHARGEABILITY OF JUDGMENT DEBTS BASED ON 11 U.S.C. § 523(a)(2)(b)(i, iv) – MONEY, PROPERTY, SERVICES, ETC. TO THE EXTENT OBTAINED BY USE OF A STATEMENT IN WRITING THAT IS MATERIALLY FALSE AND THAT THE DEBTOR CAUSED TO BE MADE OR PUBLISHED WITH INTENT TO DECEIVE

43. Plaintiff repeats and realleges the allegations contained in paragraphs 1-42, inclusive, and by reference thereto incorporates the same herein as though fully set forth at length.

44. Defendant is an individual debtor.

45. The plaintiff's claims against defendant arise from her money, property, services, etc. obtained by use of a statement in writing that is materially false and that the debtor caused to be made or published with intent to deceive.

46. As noted above, Blalock's false and harmful written statements about plaintiff on Facebook and GoFundMe led to defendant obtaining rewards such as "Facebook points" and thousands of donations and dollars.

47. Plaintiff properly served Blalock his above-noted original state court case along with a statement of damages. Only after Blalock failed to dismiss said case due to her failed anti-SLAPP motion and precisely when plaintiff sent

- 10 -
Dr. Murrey's Amended Adversary Complaint

Blalock a final meet & confer letter regarding her discovery responses being due did Blalock file in bad faith her bankruptcy case.

48. As such a sum that exceeds the original $2,600,000.00 of compensatory and punitive damages is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(b)(i, iv).

**WHEREFORE, Plaintiff prays for damages as follows:**

1) For a determination of nondischargeability as set forth above;

2) For judgment in his favor on all claims asserted herein;

3) For a judgment deeming that any and all forthcoming judgment debt(s) owed by Ms. Blalock to Plaintiff to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(6) based on the willful, malicious and intentional personal injury to Plaintiff by Ms. Blalock;

4) For costs of suit incurred herein; and

5) For such other and further relief as the Court deems just and appropriate.

DATED: 9 October 2024                              Respectfully submitted,

By: _____
Dr. Stewart Lucas Murrey
*Plaintiff & Plaintiff in Pro Se*
Website: lucasmurrey.com
SocialMedia: sickoscoop.com/lucas

- 11 -

Dr. Murrey's Amended Adversary Complaint

# PROOF OF SERVICE

I declare as follows:

I am over the age of 18 years, and not a party to this action. My business address is 5478 Wilshire Blvd., Suite 430, Los Angeles, CA 90036, which is located in the county where the mailing described below took place. On 10 October 2024 I served the foregoing document(s) described as: Dr. Murrey's second amended adversary complaint to:

Amy Lynne Blalock
1001 Gayley Ave. # 24381
Los Angeles, CA 90024
Tel. (310) 569-6182
amyblalock@gmail.com

I served a true copy of the document(s) above:

[ ] By United States mail. I enclosed the documents in a sealed envelope or package addressed to the person(s) at the address(es) mentioned above and:

[ ] placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage full prepaid.

[ X] By e-mail or electronic transmission. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

[X] I hereby certify under the penalty of perjury that the foregoing is true and correct. Executed on 10 October 2024 at Los Angeles, California.

_____
Declarant