Dr. Stewart Lucas Murrey
1217 Wilshire Blvd. # 3655
Santa Monica, CA 90403
Tel.: (424) 278-3017
Email: 2@lucasmurrey.io
Website: lucasmurrey.com
SocialMedia: sickoscoop.com/lucas

Plaintiff & Plaintiff in Pro Se

**FILED**

NOV 19 2024

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MS. AMY LYNNE BLALOCK, an individual;<br><br>    Debtor,<br><br>DR. STEWART LUCAS MURREY, an individual;<br><br>    Plaintiff,<br><br>MS. AMY LYNNE BLALOCK, an individual;<br><br>    Defendant. | Adversary Complaint Case No.<br>24-ap-01152-BR<br>[Assigned to: Hon. Judge Barry Russell]<br><br>**PLAINTIFF DR. MURREY'S NOTICE AND MOTION TO COMPEL DEFENDANT MS. BLALOCK'S RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODCTION OF DOCUMENTS; AND REQUEST FOR SANCTIONS**<br><br>Hearing Date:<br>Hearing Time:<br>Courtroom:    1668<br>Judge:        Hon. Barry Russell |

NOTICE IS HEREBY GIVEN of plaintiff Dr. Stewart Lucas Murrey's motion to

compel defendant Ms. Amy Blalock's responses to plaintiff's interrogatories and

requests for production of documents and request for sanctions before the honorable

Barry Russell: judge of the United States Bankruptcy Court for the Central District

of California, Western Division, located in the Edward Roybal Federal Building at

255 E. Temple Street, Courtroom 1668, Los Angeles, CA 90012.

This motion is made pursuant to Federal Rules of Bankruptcy Procedure ("Fed.

R. B. P.") 7026, 7033, 7034 and 7037; and Federal Rules of Civil Procedure ("Fed.

R. C. P.) 33, 34, 36 and 37, on the basis that defendant has failed to respond

whatsoever to plaintiff's interrogatories and requests for production of documents

and that defendant has failed to meet & confer in good faith. Consequently, plaintiff

requests that this Court order the following:

(1) Defendant has waived all objections to interrogatories and requests for

production of documents;

(2) Defendant must comply with Rule 33 and respond to interrogatories without

objections;

(3) Defendant must comply with Rule 34 and respond to requests for production

of documents without objections;

(4) Under Rule 37 plaintiff should be awarded sanctions in the amount to be

determined by this court as a result of defendant's failure to comply with

court rules.

**Local Rule 37-1 Meet and Confer Efforts:**

Pursuant to Local Rule ("LR") 37-1 (and LR 7-3), plaintiff in good faith sent

defendant several meet & confer letters to resolve this discovery matter without

court intervention and has sent, in good faith, his drafted joint stipulation to

defendant Ms. Blalock, though she has also failed to respond and provide her half of

said stipulation (see the declaration of plaintiff Dr. Stewart Lucas Murrey ¶¶ 20-21,

Exh. I).

This motion is based on this notice of motion and motion, the attached

memorandum of points and authorities and the attached joint stipulation, and

declaration of plaintiff Dr. Murrey filed concurrently herewith, the attached exhibits,

the pleadings and records on file in this action, other matters of which the court may

take judicial notice, and such matters as may be presented at the hearing on the

motion.

Dated: 19 November 2024                    Respectfully submitted,


By: _____
    Dr. Stewart Lucas Murrey


**PRELIMINARY STATEMENT RE LOCAL RULE 37-1**

On 10 October 2024 plaintiff served Ms. Blalock with requests for admission

(no.s 1 – 19), interrogatories (no.s 1 – 20) and requests for production of documents

(decl. Dr. Murrey ¶¶ 12-13, 18-19, Exh. E & H). After Ms. Blalock failed to respond

timely to plaintiff's interrogatories and requests for production of documents

plaintiff sent her a meet & confer letter on 10 November 2024 informing her that by

failing to respond within 30 days she has waived all objections and needed to

provide complete and thorough responses without any objections (decl. Dr. Murrey ¶¶ 20-21, Exh. I). Defendant responded on 13 November 2024 wherein she frivolously sought to evade responding (Ibid.). In good faith plaintiff responded with a second meet & confer letter advising defendant once again that he would file a motion to compel if she continued to fail to respond with proper responses without objections (Ibid.). Ms. Blalock then responded on 13 November 2024 informing plaintiff that: "you [he] can seek your motion to compel" (Ibid.). Further, on 17 November 2024 defendant improperly responded to plaintiff's interrogatories with objections while she continued to fail to provide good faith complete and thorough responses to his interrogatories (decl. Dr. Murrey ¶ 22, Exh. J).

Given that defendant has made usually harmful statements about plaintiff and that both parties here are self-represented, plaintiff has in good faith exhausted all reasonable means of obtaining proper discovery responses and thus this motion is necessary.

## I.    <u>STATEMENT OF FACTS</u>

In 2023 plaintiff discovered that he was the victim of a cyberbully attack that included, but was not limited to over three-hundred (300) different Facebook accounts. After filing reports with the LAPD and FBI and informing Facebook he filed a state lawsuit (see LASC case no. 23STCV14890). Although defendants sought to evade service, there are now four (4) named defendants who have been served, including Ms. Blalock. Further, the state court has made it clear in its recent

rulings that plaintiff has made a prima facie showing such that he will be given

authorization for limited third-party discovery to unmask, locate and serve at least

four further defendants, including those who are anonymous and/or using fake

names/accounts. Finally, plaintiff has filed a motion for leave to amend his state

complaint to bring Facebook into this matter as another defendant for its product

liability (defective algorithm(s)), negligence and deceptive business practices.

Unusually malicious statements about plaintiff occurred specifically in Facebook

groups such as, but not limited to: "Are We Dating The Same Guy?" ("AWDTSG"),

which has Facebook groups located in hundreds of cities around the world and with

tens of millions of members, if not more, from Facebook's four (4) billion user-base.

Said AWDTSG Facebook groups are aggressively secretive and anonymous to elude

responsibility for their crimes and civil torts. Like Facebook itself, these Facebook

groups are controlled by anonymous creators, administrators and moderators who

collectively refused to allow their victims such as plaintiff to join any of these

groups to defend themselves.

Facebook AWDTSG group members stated that "public records show" [that

plaintiff has] involvement in [a] MURDER case of his ex[-]wife", is "suspected of

murder"; [h]as several domestic violence charges filed against him"; is an "abusive

murderer"; "[has] "[f]iled [...] court cases against women [...] trying to extort

money from them"; "has committed fraud"; "has acted fraudulently", "has STDs",

has an "ex-wife who [he] killed"; "claim[s] he is an attorney"; and that plaintiff is

listed on the California court's public record as being a "vexatious litigant" (decl.

Dr. Murrey ¶¶ 3-4, Exh. A). All of these statements are false (decl. Dr. Murrey ¶ 5).

Of the hundreds of Facebook accounts involved not a single woman has come

forward who plaintiff has ever met in person other than one who plaintiff only met

for less than fifteen minutes because plaintiff saw that she did not resemble her

pictures and he refused to go on a date with her and politely excused himself

forthwith (Ibid.). Of the remaining Facebook accounts only a small fraction of

women (so far only three) have had any communication with plaintiff e.g. via a few

text messages and plaintiff rejected each and every one (Ibid.). Said cyber-attack has

led to off-line harassment of plaintiff, his loved ones, family, friends, colleagues and

anyone perceived to be associated with plaintiff, he has received multiple death

threats and suffered serious damages, including, but not limited to the loss of

income and potential work and he is currently being treated for the severe harm he

suffered (decl. Dr. Murrey ¶¶ 3-5, Exh. A).

Among the goals of these unusually malicious statements and cyber-attack and

now a national and international news media smear campaign, is the creation of

mass web-traffic, "click-bait", drawing attention to one-self and obtaining

"Facebook money", money via GoFundMe.com donations, and money from

securing a Netflix deal for a docu-series (decl. Dr. Murrey ¶¶ 6-7, Exh. B). Members

of Facebook's AWDTSG groups and defendants in plaintiff's case have also been

caught harassing men who have passed away (and thus who cannot harm anyone)

and the families of men, including their wives and children, who refused to have one-night stands with them (decl. Dr. Murrey ¶¶ 8-9, Exh. C). Instead of being a safe place for women to protect one another from "bad dates", Facebook and its AWDTSG groups are places where drunk women form secret conspiracies to criminaly cyber-attack men while they openly admit to suffering from psychological disorders (Ibid.).

Defendant Blalock plays a critical role in this Facebook cyber-assault and defamation. Blalock stated in Facebook AWDTSG groups that plaintiff: 1) violently stole one of her mobile phones; 2), that plaintiff invites women he dates to a "second location" because there he murders them; 3) that plaintiff has "something to do with" all "missing women in LA"; 4) that plaintiff is going to end up on "Dateline" for all his murders; 5) that plaintiff is similar to the infamous *Tinder Swindler* because plaintiff has also committed fraud and stolen large amounts of money; 6) that she secretly recorded plaintiff; and 7) that for these reasons plaintiff should be abandon his home and residence where he has lived for a decade and give in to her bullying tactics and leave Los Angeles (decl. Dr. Murrey ¶¶ 10-11, Exh. D).

Blalock has admitted in her verified responses to plaintiff's requests for admission, specifically her response to RFA no. 5, that she received GoFundMe money for her webpage that she undersigned with several others and whereupon she defamed plaintiff by falsely accusing him of stalking a woman named Elly Shariat who in truth and actual fact plaintiff does not know and never stalked (decl. Dr.

Murrey ¶¶ 12-13, Exh. E). Ms. Shariat is currently a defendant in plaintiff's afore-mentioned state case (LASC case no. 23STCV14890). Although Shariat has aggressively evaded service, plaintiff has successfully brought Shariat into his state lawsuit via a publication of service. Shariat is currently being sued for her malicious stalking story that Blalock undersigned and used to illegally obtain GoFundMe money (Ibid.). Blalock has also obtained Facebook money via Facebook points (decl. Dr. Murrey ¶¶ 14-15, Exh. F). And Blalock has attempted to obtain money from securing a Netflix deal for her malicious statements against plaintiff in an envisioned docu-series (decl. Dr. Murrey ¶¶ 16-17, Exh. G).

Meanwhile, to evade responsibility for her malicious statements and unjust enrichment via the monetization of said intentional harm, Blalock filed a chapter seven (7) bankruptcy complaint after her anti-SLAPP motion failed and her discovery was due in said state case and plaintiff responded by filing the above-captioned adversary proceeding. On 10 October 2024 plaintiff served Ms. Blalock with interrogatories and requests for production of documents (decl. Dr. Murrey ¶¶ 18-19, Exh. H). Said interrogatories and requests for production of documents are vital for plaintiff to move his adversary proceeding forward and therefore must be compelled.

## II.   A MOTION TO COMPEL IS PROPER WHEN A PARTY FAILS TO RESPOND TO DISCOVERY

A motion to compel is the remedy available when a party fails to comply with its discovery obligations. Here Federal Rules of Bankruptcy Procedure ("Fed. R. B. P.") 7026, 7033 and 7034 applies Fed. R. Civ. P., including, but not limited to Fed. R. Civ. P. 37(a)(1). Under Rule 37, a party may file a motion to compel discovery responses, including according to Rules 37(a)(3)(B) et. al. motions to compel responses to interrogatories and responses to document requests. Because defendant failed to respond properly to plaintiff's written discovery, plaintiff has a right to seek a court order compelling compliance under Rule 37.

The aforementioned interrogatories and requests for production of documents are all basic and critical information to this case. Because Ms. Blalock failed to serve timely responses to plaintiff interrogatories and requests for production of documents she has waived all objections. Therefore the court should require defendant to respond clearly and thoroughly in good faith to plaintiff written discovery.

### III.  <u>MONETARY SANCTIONS AR E APPROPRIATE WHERE DEFENDANTS' COUNSEL FAILED TO COOPERATE</u>

Federal Rule of Civil Procedure Rule 37 (Fed. R. B. P. 7037) and Local Rule 37-4 allows the court to impose sanctions where a party has failed to comply with or cooperate in the meet and confer procedures under Local Rule 37-1. *Cable & Computer Technology, Inc., supra*, 175 F.R.D. at 650 (sanctioning for failing to comply with local rules requiring meet and confer efforts related to a discovery dispute). As already discussed above, plaintiff properly propounded interrogatories

and requests for production of documents and properly met & conferred with

defendant in good faith to resolve this discovery dispute. To date, plaintiff has still

not received a reasonable response from defendant regarding his interrogatories and

requests for production of documents, thereby necessitating the present motion.

As set forth in plaintiff's declaration, this motion has cost a great deal of time

and resources (decl. Dr. Murrey ¶ 27). Therefore, plaintiff requests that he be

awarded sanctions in an amount found reasonable by this court, pursuant to Local

Rule 37-1.

## IV.   <u>CONCLUSION</u>

Based on defendants' non-compliance as outlined above, plaintiff respectfully

requests that this court oder the following:

(5) Defendant has waived all objections to interrogatories and requests for

production of documents;

(6) Defendant must comply with Rule 33 and respond to interrogatories without

objections;

(7) Defendant must comply with Rule 34 and respond to requests for production

of documents without objections;

//

Plaintiff's Notice and Motion to Compel and Request for Sanctions

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(8) Under Rule 37 plaintiff should be awarded sanctions in the amount to be

determined by this court as a result of defendant's failure to comply with

court rules.

Dated: 19 November 2024                    Respectfully submitted,

By: _____

Dr. Stewart Lucas Murrey

# PROOF OF SERVICE

I declare as follows:

I am over the age of 18 years, and not a party to this action. My address is 1217 Wilshire Blvd. # 3655, Santa Monica, CA 90403, which is located in the county where the mailing described below took place. On 19 November 2024 I served the foregoing document(s) described as: Dr. Murrey's Notice and Motion to Compel and Request for Sanctions; Joint Stipulation, Declaration and Proposed Order in the matter of Dr. Murrey v. Blalock (Federal Bankruptcy Case No. 24-ap-01152-BR) to:

Amy Lynne Blalock
1001 Gayley Ave. # 24381
Los Angeles, CA 90024
Tel. (310) 569-6182
Email: amyblalock@gmail.com

I served a true copy of the document(s) above:

[ ] By United States mail. I enclosed the documents in a sealed envelope or package addressed to the person(s) at the address(es) mentioned above and:

[ ] placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage full prepaid.

[ X ] By e-mail or electronic transmission. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

[X] I hereby certify under the penalty of perjury that the foregoing is true and correct. Executed on 19 November 2024 at Los Angeles, California.

Declarant