Dr. Stewart Lucas Murrey
1217 Wilshire Blvd. # 3655
Santa Monica, CA 90403
Tel.: (424) 278-3017
Email: 2@lucasmurrey.io
Website: lucasmurrey.com
SocialMedia: sickoscoop.com/lucas

Plaintiff & Plaintiff in Pro Se

FILED
NOV 19 2024
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:              Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MS. AMY LYNNE BLALOCK, an individual;<br>        Debtor,<br><br>DR. STEWART LUCAS MURREY, an individual;<br>        Plaintiff,<br><br>MS. AMY LYNNE BLALOCK, an individual;<br>        Defendant. | Adversary Complaint Case No. 24-ap-01152-BR<br>[Assigned to: Hon. Judge Barry Russell]<br><br>**JOINT STIPULATION FOR PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Hearing Date:<br>Hearing Time:<br>Courtroom:    1668<br>Judge:    Hon. Barry Russell |

Pursuant to Fed. R. Civ. P. 37(a) and Local Rules 37-1 and 37-2.1 plaintiff Dr. Stewart Lucas Murrey and Defendant Ms. Amy Blalock submit the following joint stipulation regarding plaintiff's motion to compel responses to interrogatories and production of documents.

## PLAINTIFF'S PRELIMINARY STATEMENT

In 2023 plaintiff discovered that he was the victim of a cyberbully attack that included, but was not limited to over three-hundred (300) different Facebook accounts. After filing reports with the LAPD and FBI and informing Facebook he filed a state lawsuit (see LASC case no. 23STCV14890). Although defendants sought to evade service, there are now four (4) named defendants who have been served, including Ms. Blalock. Further, the state court has made it clear in its recent rulings that plaintiff has made a prime facie showing such that he will be given authorization for limited third-party discovery to unmask, locate and serve at least four further defendants, including those who are anonymous. Finally, plaintiff has filed a motion for leave to amend his state complaint to bring Facebook into this matter as another defendant for its product liability (defective algorithm(s)), negligence and deceptive business practices.

Unusually malicious statements about plaintiff occurred specifically in Facebook groups such as, but not limited to: "Are We Dating The Same Guy?" ("AWDTSG"), which has Facebook groups located in hundreds of cities around the world and with tens of millions of members, if not more, from Facebook's four (4) billion user-base. Said AWDTSG Facebook groups are aggressively secretive and anonymous to elude responsibility. And like Facebook itself, these Facebook groups are controlled by anonymous creators, administrators and moderators who collectively refused to allow plaintiff to join any of these groups to defend himself.

Facebook AWDTSG group members stated that "public records show" [that plaintiff has] involvement in [a] MURDER case of his ex[-]wife", is "suspected of murder"; [h]as several domestic violence charges filed against him"; is an "abusive murderer"; "[has] "[f]iled […] court cases against women […] trying to extort money from them"; "has committed fraud"; "has acted fraudulently", "has STDs", has an "ex-wife who [he] killed"; "claim[s] he is an attorney"; and that plaintiff is listed on the California court's public record as being a "vexatious litigant" (See declaration of plaintiff Dr. Stewart Lucas Murrey ¶¶ 3-4, Exh. A, attached hereto). All of these statements are false (decl. Dr. Murrey ¶ 5). Of the hundreds of Facebook accounts involved not a single woman has come forward who plaintiff has ever met in person other than one who plaintiff only met for less than fifteen minutes because plaintiff saw that she did not resemble her pictures and he refused to go on a date with her and politely excused himself forthwith (Ibid.). Of the remaining Facebook accounts only a small fraction of women (so far only three) have had any communication with plaintiff e.g. via a few text messages and plaintiff rejected each and every one (Ibid.). Said cyber-attack has led to off-line harassment of plaintiff, his loved ones, family, friends, colleagues and anyone perceived to be associated with plaintiff, he has received multiple death threats and suffered serious damages, including, but not limited to the loss of income and potential work and he is currently being treated for the severe harm he suffered (decl. Dr. Murrey ¶¶ 3-5, Exh. A).

Among the goals of these unusually malicious statements and cyber-attack is the creation of mass web-traffic, "click-bait", drawing attention to one-self and obtaining "Facebook points" i.e. Facebook money, money via GoFundMe.com donations, also from a national and international news media campaign, and money from securing a Netflix deal for a docuseries (decl. Dr. Murrey ¶¶ 6-7, Exh. B). It should further be noted that members of Facebook's AWDTSG and defendants in plaintiff's case have been caught harassing men who have passed away (and thus who cannot harm anyone) and the families of men, including their wives and children, who refused to have one-night stands with them (decl. Dr. Murrey ¶¶ 8-9, Exh. C). Instead of being a safe place for women to protect one another, Facebook and its AWDTSG groups are places where drunk women cyber-attack men while they openly admit to suffering from psychological disorders (Ibid.).

Defendant Blalock plays a critical role in this Facebook cyber-attack. Blalock stated in Facebook AWDTSG groups in response to and alongside those responsible for the most heinous and savage comments, such as Kelly Gibbons, that plaintiff: 1) stole one of her mobile phones; 2) that she secretly recorded plaintiff; 3), that plaintiff invites women he dates to a "second location" because there he murders them; 4) that plaintiff has "something to do with" all "missing women in LA"; 5) that plaintiff is going to end up on "Dateline" for all his murders; 6) that plaintiff is similar to the infamous *Tinder Swindler* because plaintiff has also committed fraud and stolen large amounts of money; and 7) that for these reasons plaintiff should be

Main Document    Page 5 of 15

abandon his home and residence where he has lived for a decade (decl. Dr. Murrey ¶¶ 10-11, Exh. D).

Blalock has admitted in her verified responses to plaintiff's requests for admission, specifically her response to RFA no. 5, that she received GoFundMe money for her webpage that she undersigned with several other defendants and whereupon she defamed plaintiff by falsely accusing him of stalking a woman named Elly Shariat who in truth and actual fact plaintiff does not know and never stalked (decl. Dr. Murrey ¶¶ 12-13, Exh. E). Ms. Shariat is currently a defendant in plaintiff's afore-mentioned state case (LASC case no. 23STCV14890). Although Shariat has aggressively evaded service, plaintiff has successfully brought her into his state lawsuit via a publication of service. Shariat is currently being sued for her malicious stalking story that Blalock undersigned and used to illegally obtain GoFundMe money (Ibid.). Blalock has also obtained Facebook money via Facebook points i.e. Facebook money (decl. Dr. Murrey ¶¶ 14-15, Exh. F). And Blalock has attempted to obtain money from securing a Netflix deal for her malicious statements against plaintiff in an envisioned docu-series (decl. Dr. Murrey ¶¶ 16-17, Exh. G).

Meanwhile, to evade responsibility for her malicious statements and unjust enrichment via the monetization of said intentional harm, Blalock filed a chapter seven (7) bankruptcy complaint after her anti-SLAPP motion failed and her discovery was due in said state case and plaintiff responded by filing the above-captioned adversary proceeding. On 10 October 2024 plaintiff served Ms. Blalock

JOINT STIPULATION FOR PLAINTIFF'S MOTION TO COMPEL

with interrogatories and requests for production of documents (decl. Dr. Murrey ¶¶ 18-19, Exh. H). Said interrogatories and requests for production of documents are vital for plaintiff to move his adversary proceeding forward and therefore must be compelled.

### DEFENDANTS' PRELIMINARY STATEMENT

[…]

### LIST OF DISPUTED INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

**Interrogatories No.s 1-3** concern Blalock's knowledge of Elly Shariat's stalking story that Blalock used to obtain money via GoFundMe and other sources: Interrogatory No. 1 verbatim: "State the date when Elly Shariat ("Shariat") was stalked by plaintiff."; No. 2: "State the place where Shariat was stalked by plaintiff." And No 3: "Identify any and all persons who witnessed plaintiff stalk Shariat."

To each of these critical questions Blalock failed to respond since she has waived all objections by having responded after thirty (30) days.

Further, the boilerplate objection Blalock repeats to each of these interrogatories: "Object. Not relevant to this case." is frivolous and even absurd.

**Interrogatory No. 7** asks: "What monies, rewards, compensations, points, Facebook points and/or any other benefits have you received?"

To this critical question Blalock failed to respond since she has waived all objections by having responded after thirty (30) days.

- 6 -
JOINT STIPULATION FOR PLAINTIFF'S MOTION TO COMPEL

Further, the boilerplate objection Blalock continues to repeat to each of these interrogatories: "Object. Not relevant to this case." is frivolous and even absurd.

**Interrogatory No. 8** asks: "To whom was the money received from GoFundMe as a result of your undersigned GoFundMe webpage concerning plaintiff distributed?"

To this critical question Blalock failed to respond since she has waived all objections by having responded after thirty (30) days.

Further, the boilerplate objection Blalock continues to repeat to each of these interrogatories: "Object. Not relevant to this case." is frivolous and even absurd. The further response Blalock gives: "I never started a GoFundMe and have no knowledge of who the monies were distributed." is both evasive and unintelligible.

**Interrogatory No. 10** asks: "Have you ever worked for any governmental agency?"

To this critical question Blalock failed to respond since she has waived all objections by having responded after thirty (30) days.

Further, the boilerplate objection Blalock continues to repeat to each of these interrogatories: "Object. Not relevant to this case." is frivolous and even absurd. The further response Blalock gives: "and this interrogatory seeks confidential information, which, if disclosed, may constitute an unwarranted invasion of privacy." is evasive.

**Interrogatories No.s 11-14, 16, 19 and 20** ask, respectively: No. 11: "State and identify your employers for the past ten (10) years."; No. 12: "State and identify your complete educational history."; No. 13: "State and identify your date and place of birth."; No. 14: "State and identify the complete name, address, telephone number, email address, social media accounts of any and all anonymous postings and/or accounts concerning plaintiff, including, but not limited to those who anonymously posted the comments and pictures of plaintiff attached hereto as Exhibit '1'; No. 16: "Identify the contact information: full names, addresses, telephone numbers, email addresses of all the women you have protected in online groups."; No. 19: "State the complete names, addresses, telephone numbers, email addresses, social media accounts of all male members of AWDTSG."; and No. 20: "State the complete names, addresses, telephone numbers, email addresses, social media accounts of all men who you recommended as being safe for women to date in AWDTSG."

To these critical questions Blalock failed to respond since she has waived all objections by having responded after thirty (30) days.

Further, the boilerplate objection Blalock continues to repeat to each of these interrogatories: "Object. Not relevant to this case." is frivolous and even absurd. The further response Blalock gives: "and this interrogatory seeks confidential information, which, if disclosed, may constitute an unwarranted invasion of privacy." is both evasive.

**Requests for Production of Documents No.s 1-40**

To date defendant has failed to provide any response whatsoever to plaintiff's requests for production of documents (decl. Dr. Murrey ¶¶ 18-19, Exh. H) that concern evidence Blalock has to support the statements she made about him; evidence she went on a date with him; recordings defendant secretly made of him; records of her own money, also money received from GoFundMe, Facebook, and work and communications therewith; evidence regarding Blalock's undersigned story of Elly Shariat having been stalked by plaintiff; stalking in general; communications between Blalock and any and all media outlets; all Blalock's statements about plaintiff on Facebook and AWDTSG and/or any other platform and/or app; evidence of Blalock's work history, including contracts with Facebook and/or governmental agency; communications with Facebook AWDTSG members who defamed plaintiff and with whom Blalock was messaging on Facebook; and any and all other such related requests for documentation.

Ms. Blalock has waived all objections and needs to provide complete and thorough verified responses to each.

**PLAINTIFF'S ATTEMPT IN GOOD FAITH TO RESOLVE THE DISPUTE**

After Ms. Blalock failed to respond timely to plaintiff's interrogatories and requests for production of documents plaintiff sent her a meet & confer letter on 10 November 2024 informing her that by failing to respond within 30 days she waived all objections and still needed to answer (decl. Dr. Murrey ¶¶ 20-21, Exh. I).

1  Defendant responded on 13 November 2024 wherein she frivolously sought to

2  evade answering (Ibid.). In good faith plaintiff responded with a second meet &

3
4  confer letter advising her once again that he would file a motion to compel if she

5  failed to respond with complete and thorough responses (Ibid.). Ms. Blalock then

6  responded on 13 November 2024 informing plaintiff that: "you [he] can seek your

7
8  motion to compel" (Ibid.). On 17 November 2024 defendant provided her first

9  response to plaintiff's interrogatories, however, improperly with objections and she

10 continued to fail to provide good faith complete and thorough answers to his
11
12 questions (decl. Dr. Murrey ¶ 22, Exh. J).

13                              **ARGUMENT**

14      Defendant was served requests for admission along with requests for
15
16 production of documents and interrogatories all on the same day 10 October 2024

17 (decl. Dr. Murrey ¶¶ 12-13, 18-19, Exh. E & H) and Blalock provided a verified

18 response only to requests for admission on 7 November 2024 (Ibid.). Therefore it is
19
20 clear that defendant was fully aware of interrogatories and requests for production of

21 documents properly propounded on her. By now Ms. Blalock is a proven liar.

22 Whereas defendant stated in Facebook's AWDTSG group that she "secretly
23
24 recorded" him (decl. Dr. Murrey ¶¶ 10-11, Exh. D), Blalock has provided a verified

25 response to request for admission no. 2 under oath that she never recorded plaintiff

26 (decl. Dr. Murrey ¶¶ 12-13, Exh. E). Further, defendant has committed the felony
27
28 crime of perjury by having lied under oath in her verified responses to request for

admission. Specifically, Blalock lied in her response to no. 6 request for admission wherein she claims that she has never received Facebook points i.e. Facebook money (decl. Dr. Murrey ¶¶ 12-13, Exh. E) when in truth and actual fact evidence shows that Blalock has received said Facebook benefits and money (decl. Dr. Murrey ¶¶ 14-15, Exh. F). And Blalock's statements about plaintiff and her participation in the cyber-attack on him and her clear monetization of her malicious harm show that Blalock not only lack any credibility, but that she sacrifices the lives of others in exchange for money and fame.

Plaintiff's discovery is relevant and proportional to the needs of the plaintiff to develop the evidence. See Fed. Civ. Proc. before Trial 11:613 2019 *The Rutter Group* in regard to the *burden on all parties and court* wherein it is clearly stated that: "The burden of showing the 'proportionality' factors is not merely on the party seeking discovery. ALL parties must consider the proportionality factors when serving or responding to discovery requests and the court must do so in ruling on discovery matters. [FRCP 26(b)(1) & (g); Adv. Comm. Notes to 2015 Amendments to FRCP 26—'The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes'; and see *Vallejo v. Amgen, Inc.* (8th Cir. 2018) 903 F3d 733, 742].

Here the relevant and reasonable proportionality of plaintiff's discovery is clear. In particular, interrogatories concerning Shariat's stalking story are critical because Blalock both participated in this cyber-attack by defamation and profited

from it, as when Blalock published with others Shariat's harmful story on GoFundMe from which Blalock has admitted (see her response to RFA no. 5) to receiving money (decl. Dr. Murrey ¶¶ 12-13, Exh. E). Further, Blalock states that she has evidence of plaintiff stalking Shariat (decl. Dr. Murrey ¶ 27, Exh. M; see also Blalock's response to RFA no. 1, decl. Dr. Murrey ¶¶ 18-19, Exh. H), but fails to respond to requests for production of documents no.s 1-4, 10-12 (decl. Dr. Murrey ¶¶ 18-19, Exh. H) wherein she is requested to provide any evidence in support thereof. Also reasonable are the interrogatories and requests for production of documents that concerning any and all monies received by Blalock for the harm she caused plaintiff and any and all relevant background information not unlike form interrogatories sought in state cases, as well as issues concerning sexual discrimination and harm caused the Blalock in Facebook's AWDTSG groups (see interrogatories no.s 7-8, 11-14, 16, 19-20; decl. Dr. Murrey ¶¶ 18-19, Exh. H). Whereas Blalock claims AWDTSG Facebook groups protect women and help them date men who are better than other men, defendant fails to produce any evidence of AWDTSG protecting women, much less any recommendations of men for women to date (see requests for production of documents no.s 8-9, 18, 21, 25, 28, 30, 33-37; decl. Dr. Murrey ¶¶ 18-19, Exh. H).

Ever since Noam Chomsky celebrated plaintiff's books he noticed that he has been shadow-banned by Facebook and other such platforms, in particular for plaintiff's outspoken criticism of the surveillance state conducted in secret by

national security state agencies of the United States government (decl. Dr. Murrey ¶¶ 23-24, Exh. K). Facebook is well-known for its relationship with said governmental agencies, its criminality and its employment of spooks like ex-CIA agents to unlawfully censor, harm, monetize and control the American populace – and Facebook's AWDTSG groups are suspiciously aggressive toward anyone who dares criticize the CIA (decl. Dr. Murrey ¶¶ 25-26, Exh. L). Plaintiff's interrogatory no. 10 to Ms. Blalock: "Have you ever worked for any governmental agency?" which defendant suspiciously evades (decl. Dr. Murrey ¶ 22, Exh. J), is therefore critical in this case, along with requests for production of documents no.s 19-20, 22-23, 29 (decl. Dr. Murrey ¶¶ 18-19, Exh. H). Finally, given the substantial evidence plaintiff has of Blalock maliciously defaming him and unjustly enriching herself from said harm, it is reasonable for plaintiff to seek any and all reasonable discovery related to said harm as do requests for production of documents no.s 13-17, 24, 26, 31-32, 38-40 (decl. Dr. Murrey ¶¶ 18-19, Exh. H).

These interrogatories and requests for production of documents are relevant and go to the core of this matter. Defendant cannot simply ignore this discovery and fail to provide complete and thorough responses.

### **DEFENDANTS' ARGUMENT RELATED TO HER FAILURE TO RESPOND TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

[…]

1  DATED: 17 November 2024
2
3
4                                              By _____
                                                   Dr. Stewart Lucas Murrey
5                                                  Plaintiff & Plaintiff in Pro Se

6  DATED: ___ November 2024
7
8
9                                              By _____
                                                   Ms. Amy Blalock
10                                                 Defendant & Defendant in Pro Se
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PROOF OF SERVICE

I declare as follows:

I am over the age of 18 years, and not a party to this action. My address is 1217 Wilshire Bvd. # 3655, Santa Monica, CA 90403, which is located in the county where the mailing described below took place. On 19 November 2024 I served the foregoing document(s) described as: Dr. Murrey's Notice and Motion to Compel and Request for Sanctions; Joint Stipulation, Declaration and Proposed Order in the matter of Dr. Murrey v. Blalock (Federal Bankruptcy Case No. 24-ap-01152-BR) to:

Amy Lynne Blalock
1001 Gayley Ave. # 24381
Los Angeles, CA 90024
Tel. (310) 569-6182
Email: amyblalock@gmail.com

I served a true copy of the document(s) above:

[ ] By United States mail. I enclosed the documents in a sealed envelope or package addressed to the person(s) at the address(es) mentioned above and:

[ ] placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage full prepaid.

[X] By e-mail or electronic transmission. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

[X] I hereby certify under the penalty of perjury that the foregoing is true and correct. Executed on 19 November 2024 at Los Angeles, California.

_____
Declarant