Dr. Stewart Lucas Murrey
1217 Wilshire Blvd. # 3655
Santa Monica, CA 90403
Tel.: (424) 278-3017
Email: 2@lucasmurrey.io
Website: lucasmurrey.com
SocialMedia: sickoscoop.com/lucas

Plaintiff & Plaintiff in Pro Se

FILED
DEC 11 2024
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:              Deputy Clerk

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MS. AMY LYNNE BLALOCK, an individual;<br>　　　　Debtor,<br><br>DR. STEWART LUCAS MURREY, an individual;<br>　　　　Plaintiff,<br><br>MS. AMY LYNNE BLALOCK, an individual;<br>　　　　Defendant. | Adversary Complaint Case No. 24-ap-01152-BR<br>[Assigned to: Hon. Judge Barry Russell]<br><br>**PLAINTIFF DR. STEWART LUCAS MURREY'S DECLARTION IN SUPPORT OF HIS REPLY**<br><br>Hearing Date:<br>Hearing Time:<br>Courtroom:　　1668<br>Judge:　　Hon. Barry Russell |

### DECLARATION OF DR. LUCAS MURREY

I, Dr. Lucas Murrey, declare:

1. That I am the plaintiff in this action; that I am over the age of 18 years and that I have personal knowledge of the facts contained in this declaration. If called upon to testify I could and would testify competently as to the truth of the facts stated herein.

- 1 -
PLAINTIFF'S DECLARATION

2. This declaration is submitted in support of plaintiff's reply to defendant Ms. Amy Blalock's opposition to Dr. Murrey's motion to compel her responses to his interrogatories and requests for production of documents and request for sanctions.

3. A true and correct copy of defendant's improper response with belated objections to plaintiff's requests for production of documents that Ms. Blalock served on 21 November 2024 is hereto attached as Exhibit N.

4. A true and correct of plaintiff's meet & confer letter to defendant on 17 November 2024 is hereto attached as Exhibit O.

5. Whereas I have disclosed per rule 26(a)(1) over 200 pages of relevant documents to defendant, Ms. Blalock has refused to provide any disclosures per said federal rule whatsoever.

I declare that under penalty of perjury under the laws of the United States that the foregoing is true and correct; executed on 10 December 2024 in Los Angeles, California.

_____
DR. STEWART LUCAS MURREY

# EXHIBIT N

Amy Blalock
1001 Gayley Ave #24381
Los Angeles, CA 90024
amyblalock@gmail.com

In Pro Se

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>AMY LYNNE BLALOCK, an individual;<br><br>Debtor,<br><br>STEWART LUCAS MURREY, an individual;<br><br>Plaintiff,<br><br>AMY LYNNE BLALOCK, an individual;<br><br>Debtor | Adversary Case No. 24-AP-01152-BR<br><br>Bankruptcy Case No. 24-bk-12532-BR<br><br>Chapter: 7<br><br>**DEFENDANTS RESPONSES TO: PLAINTIFF'S DR. MURREY'S DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS TO DEFENDANT MS. BLALOCK (SET ONE)** |
|---|---|

PROPOUNDING PARTY:     Plaintiff Dr. Murrey

RESPONDING PARTY:      Defendant Amy Blalock

SET NUMBER:            ONE

1

RESPONSE TO DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS SET ONE

RESPONDING PARTY hereby answer PROPOUNDING PARTY'S PLAINTIFF'S DR. MURREY'S DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS TO DEFENDANT MS. BLALOCK (SET ONE)

**RESPONSE TO DEMAND FOR PRODUCTION NO. 1:**

The responding party is unable to comply with Request No. 1 because I am unaware of such evidence.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 2 :**

The responding party can only produce evidence for Request No. 2 of an 'arrest' of the plaintiff for murder.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 3:**

The responding party is unable to produce evidence for Request No. 3 because the requested evidence is not in my knowledge.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 4:**

The responding party is unable to produce evidence for Request No. 4 because the requested evidence no longer exists and/or is no longer in my possession. A diligent search and reasonable inquiry have been made in an effort to comply with this demand.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 5:**

The responding party is unable to produce evidence for Request No. 5 because the requested evidence no longer exists and/or is no longer in my possession. Given

access to the plaintiff's phone number throughout 2017 may help me locate phone records of any calls made to plaintiff.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 6:**

The responding party is unable to produce evidence for Request No. 6 because the requested evidence never existed.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 7:**

The responding party is unable to produce evidence for Request No. 7 because defendant is unaware of what Facebook points are and defendant no longer has Facebook. A diligent search and reasonable inquiry have been made in an effort to comply with this demand.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 8:**

The responding party is unable to produce evidence for Request No. 8 because defendant has never received rewards, compensation, salaries or payments from Facebook.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 9:**

The responding party is unclear of the request from plaintiff.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 10:**

The responding party is unable to produce evidence for Request No. 10 because I never knew Elly Shariat before the state lawsuit.

3

RESPONSE TO DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS SET ONE

**RESPONSE TO DEMAND FOR PRODUCTION NO. 11:**

The responding party is unable to produce evidence for Request No. 11 because the requested evidence is something I am unaware of.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 12:**

The responding party can produce evidence for Request No. 12 in part. I can produce multiple Domestic Violence Restraining Order's brought against plaintiff.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 13:**

The responding party is unable to produce evidence for Request No. 13 without first having the plaintiff give me any phone number he had from 2017, so I can research my phone records. A diligent search and reasonable inquiry have been made in an effort to comply with this demand.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 14:**

The responding party is unable to produce evidence for Request No. 14 because I have never spoken to media outlets concerning plaintiff.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 15:**

The responding party can produce some, but not all, of the requested items for No. 15, because some of the requested items no longer exist, or are no longer in my possession. I can only produce what the plaintiff has already produced because I no longer have Facebook. A diligent search and reasonable inquiry have been made in an effort to

4

RESPONSE TO DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS SET ONE

comply with this demand.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 16:**

The responding party is unable to produce evidence for Request No. 16 because I no longer have Facebook. A diligent search and reasonable inquiry have been made in an effort to comply with this demand.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 17:**

The responding party is unable to produce evidence for Request No. 17 because the requested items no longer exist, or are no longer in my possession. A diligent search and reasonable inquiry have been made in an effort to comply with this demand.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 18:**

The responding party is unable to produce evidence for Request No. 18 because this is private financial information.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 19:**

The responding party is unable to produce evidence for Request No. 19 because I have never spoken to media outlets concerning plaintiff.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 20:**

The responding party is unable to produce evidence for Request No. 20 because I never started a GoFundMe or communicated with them.

RESPONSE TO DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS SET ONE

**RESPONSE TO DEMAND FOR PRODUCTION NO. 21:**

The responding party is unable to produce evidence for Request No. 21 because this is overreaching, private information that is irrelevant to the case.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 22:**

The responding party is unable to produce evidence for Request No. 22 because I have never worked for Facebook.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 23:**

The responding party will not provide evidence for Request No. 23. This information is private and irrelevant to this case.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 24:**

The responding party is unable to produce evidence for Request No. 24 because these items are no longer in my possession as I no longer have Facebook. A diligent search and reasonable inquiry have been made in an effort to comply with this demand.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 25:**

The responding party is unable to produce evidence for Request No. 25 because the request is too broad and an undue burden.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 26:**

The responding party is unable to produce evidence for Request No. 26 because I never complained about the plaintiff to any third party companies.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 27:**

The responding party is unable to produce evidence for Request No. 27 because I never sent a notice to the plaintiff regarding my comments.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 28:**

The responding party is unable to produce evidence for Request No. 28 because it is an odd request and not something one can produce evidence for.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 29:**

The responding party is unable to produce evidence for Request No. 29 because in part, the request doesn't make sense and the request is broad and overreaching.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 30:**

The responding party is unable to produce evidence for Request No. 30 because no such documents exist.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 31:**

The responding party is unable to produce evidence for Request No. 31 because the requested items no longer exist.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 32:**

The responding party is unable to produce evidence for Request No. 32 because I never made anonymous statements online about plaintiff.

7

RESPONSE TO DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS SET ONE

**RESPONSE TO DEMAND FOR PRODUCTION NO. 33:**

The responding party is unable to produce evidence for Request No. 33 because this is private financial information.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 34:**

The responding party is unable to produce evidence for Request No. 34 because I am unaware of which men are in the group, I also no longer have Facebook.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 35:**

The responding party is unable to produce evidence for Request No. 35 because I have not made any reports or complaints to any third party companies, as stated in response No. 26.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 36:**

The responding party is unable to produce evidence for Request No. 36. This is an erroneous repeat of Request No. 35 and subsequently similar to Request No. 26

**RESPONSE TO DEMAND FOR PRODUCTION NO. 37:**

The responding party is unable to produce evidence for Request No. 37 because I have never harmed a man.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 38:**

The responding party is unable to produce evidence for Request No. 38 because it is

8

RESPONSE TO DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS SET ONE

irrelevant to this case.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 39:**

The responding party is unable to produce evidence for Request No. 39 because it is irrelevant to this case.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 40:**

The responding party is unable to produce evidence for Request No. 39 because it is irrelevant to this case.

Dated: November 17, 2024

_____
AMY BLALOCK, DEFENDANT
IN PRO SE

**VERIFICATION**

I, Amy Blalock, declare as follows:

1. I am the defendant in the adversary proceeding titled: 24-ap-01152-BR pending in the Central District of California.

2. I have read the foregoing **DEFENDANTS RESPONSES TO: PLAINTIFF'S DR. MURREY'S DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS TO DEFENDANT MS. BLALOCK (SET ONE)**

3. I am informed and believe that the same is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing answers are true and correct.

Executed at: Los Angeles, CA

Date: November 17th, 2024

AMY BLALOCK, DEFENDANT, IN PRO SE

# EXHIBIT O



**Lucas**
Re: Response to : RFA (2), Interrogatories (1) and (2)
To: Amy B.  Cc: servingpapers

November 17, 2024 at 5:59 PM

Details

Dear Ms. Blalock,
You do not have to send hardcopies; email attachments are fine. However, I have not received any response to my requests for production of documents, neither set 1, nor set 2. And as I have already stated in several meet & confer letters previously, since you responded after 30 days, you have waived all objections and therefore you still need to provide complete and thorough responses to interrogatories, set one, and requests for production of documents, set one, without any objections. Otherwise, as I have advised you previously, I am moving forward with a motion to compel said responses seeking any and all sanctions.

--
Dr. Lucas Murrey
Ph.D Yale University
Author of Hölderlin's Dionysiac Poetry and Nietzsche: The Meaning of Earth
https://sickoscoop.com/lucas
https://lucasmurrey.com

See More from Amy B



**Lucas**
Re: Response to : RFA (2), Interrogatories (1) and (2)
To: Amy B

November 17, 2024 at 10:45 PM

Dear Ms. Blalock,
Please see attached joint stipulation per your request regarding the first set of discovery. Further, I also attach my meet & confer letter regarding deficiencies of your response to my second set of interrogatories, in particular in regard to interrogatories no.s 22 and 23.

 JSDrMurreyVBlalockMo CompelInterrogsAndR... 

 M&CDrMurreyVBlalock. pdf

--
Dr. Lucas Murrey
Ph.D Yale University
Author of Hölderlin's Dionysiac Poetry and Nietzsche: The Meaning of Earth
https://sickoscoop.com/lucas
https://lucasmurrey.com

See More from Lucas

# PROOF OF SERVICE

I declare as follows:

I am over the age of 18 years, and not a party to this action. My address is 1217 Wilshire Bvd. # 3655, Santa Monica, CA 90403, which is located in the county where the mailing described below took place. On 11 December 2024 I served the foregoing document(s) described as: Dr. Murrey's reply, declaration and request for judicial notice in the matter of Dr. Murrey v. Blalock (Federal Bankruptcy Case No. 24-ap-01152-BR) to:

Amy Lynne Blalock
1001 Gayley Ave. # 24381
Los Angeles, CA 90024
Tel. (310) 569-6182
Email: amyblalock@gmail.com

I served a true copy of the document(s) above:

[ ] By United States mail. I enclosed the documents in a sealed envelope or package addressed to the person(s) at the address(es) mentioned above and:

[ ] placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage full prepaid.

[X] By e-mail or electronic transmission. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

[X] I hereby certify under the penalty of perjury that the foregoing is true and correct. Executed on 11 December 2024 at Los Angeles, California.

_____
Declarant