```
Dr. Stewart Lucas Murrey
1217 Wilshire Blvd. # 3655
Santa Monica, CA 90403
Tel.: (424) 278-3017
Email: 2@lucasmurrey.io
SocialMedia: sickoscoop.com/lucas
Website: lucasmurrey.com
```

**FILED**
**DEC 11 2024**
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

Plaintiff & Plaintiff in Pro Se

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

In re:

MS. AMY LYNNE BLALOCK, an individual;
    Debtor,

DR. STEWART LUCAS MURREY, an individual;
    Plaintiff,

MS. AMY LYNNE BLALOCK, an individual;
    Defendant.

Adversary Complaint Case No.
24-ap-01152-BR
[Assigned to: Hon. Judge Barry Russell]

**PLAINTIFF DR. MURREY'S NOTICE AND MOTION TO COMPEL DEFENDANT MS. BLALOCK'S RESPONSES TO INTERROGATORIES, SET TWO, NO.S 22 & 23; REQUESTS FOR PRODCTION OF DOCUMENTS, SET TWO; NO.S 41, 42 & 43; AND DISCLOSURES PER RULE 26(a)(1)(A)(iii); REQUEST FOR MONETARY SANCTIONS AND ENTRY OF DEFAULT**

Hearing Date:
Hearing Time:
Courtroom:    1668
Judge:    Hon. Barry Russell

NOTICE IS HEREBY GIVEN of plaintiff Dr. Stewart Lucas Murrey's motion to compel defendant Ms. Amy Blalock's responses to plaintiff's interrogatories, set two, No.s 22 and 23; and requests for production of documents, set two, No.s 41, 42 and 44; and request for monetary sanctions and entry of default judgment against defendant before the honorable Barry Russell: judge of the United States Bankruptcy Court for the Central District of

- 1 -
Plaintiff's Notice and Motion to Compel

California, Western Division, located in the Edward Roybal Federal Building at 255 E. Temple Street, Courtroom 1668, Los Angeles, CA 90012.

This motion is made pursuant to Federal Rules of Bankruptcy Procedure ("Fed. R. B. P.") 7026, 7033, 7034 and 7037; and Federal Rules of Civil Procedure ("Fed. R. C. P.") 33, 34, 36 and 37 and Rule 26(a)(1)(A)(iii), on the basis that defendant has failed to respond whatsoever to plaintiff's interrogatories and requests for production of documents and that defendant has failed to meet & confer and respond to either discovery method in good faith; and that whereas plaintiff has properly complied with Rule 26(a)(1)(A)(iii), defendant continues to fail to disclosure any evidence whatsoever. Consequently, plaintiff requests that this Court order the following:

(1) Defendant has waived all objections to interrogatories and requests for production of documents;

(2) Defendant must comply with Rule 33 and respond to interrogatories without objections;

(3) Defendant must comply with Rule 34 and respond to requests for production of documents without objections;

(4) Defendant must comply with Rule 26(a)(1)(A)(iii) and disclosure any and all relevant evidence;

(5) Under Rule 37 plaintiff should be awarded monetary sanctions in the amount to be determined by this court as a result of defendant's failure to comply with court rules;

(6) And entry of default judgment against defendant.

**Local Rule 37-1 Meet and Confer Efforts:**

Pursuant to Local Rule ("LR") 37-1 (and LR 7-3), plaintiff in good faith sent defendant several meet & confer letters to resolve this discovery matter without court intervention and has sent, in good faith, his drafted joint stipulation to defendant Ms. Blalock, though she has also failed to respond and provide her half of said stipulation (see the declaration of plaintiff Dr. Stewart Lucas Murrey ¶¶ 13-20, Exh.s "I"-"P").

This motion is based on this notice of motion and motion, the attached memorandum of points and authorities and the attached joint stipulation, and declaration of plaintiff Dr. Murrey filed concurrently herewith, the attached exhibits, the pleadings and records on file in this action, other matters of which the court may take judicial notice, and such matters as may be presented at the hearing on the motion.

Dated: 10 December 2024        Respectfully submitted,

By: _____
Dr. Stewart Lucas Murrey
Plaintiff & Plaintiff in Pro Se

### PRELIMINARY STATEMENT RE LOCAL RULE 37-1

On 10 November 2024 plaintiff served Ms. Blalock with interrogatories, set two, no.s 22 and 23; and requests for production of documents, set two, No.s 41, 42 and 44 (decl. Dr. Murrey ¶¶ 13-14, Exh.s "I" & "J"). Defendant responded in bad faith with boilerplate, evasive and unintelligible objections to both interrogatories, set two, no.s 22 and 23 and requests for production of documents, set two, No.s 41, 42 and 44 on 17 November 2024 (decl. Dr. Murrey ¶¶ 15-16, Exh.s "K" & "L"). Plaintiff diligently sent defendant two meet & confer letters in good faith on 17 November 2024 and again on 26

November 2024 regarding the deficiencies of Ms. Blalock's responses to each respective set of the aforementioned discovery methods' questions and requests (decl. Dr. Murrey ¶¶ 17-18, Exh.s M & N). Ms. Blalock responded on 2 December 2024 that she would provide further responses to the said discovery by the end of that week i.e. Friday the 6th of December 2024 (decl. Dr. Murrey ¶ 19, Exh. O). However, because defendant failed yet again to provide properly responses, plaintiff sent Ms. Blalock a second meet & confer letter on 6 December 2024 informing her that he would now have to file a second motion to compel, this time seeking not only sanctions, but also any and all further legal remedies for her ongoing failure (decl. Dr. Murrey ¶ 20, Exh. P).

Finally, while plaintiff has properly complied with Rule 26(a)(1)(A)(iii) and disclosed over 200, defendant has failed to provide any disclosures whatsoever (decl. Dr. Murrey ¶ 28, Exh. X).

Given that defendant has made usually harmful and malicious statements about plaintiff and that both parties here are self-represented, plaintiff has in good faith exhausted all reasonable means of obtaining proper discovery responses and thus this motion is necessary.

**I.    STATEMENT OF FACTS AND BACKGROUND**

In 2023 plaintiff discovered that he was the victim of a cyber-attack that included, but was not limited to over three-hundred (300) different Facebook accounts. After filing reports with the LAPD and FBI and informing Facebook he filed a state lawsuit (see LASC case no. 23STCV14890). Although defendants sought to evade service, there are now four (4) named defendants who have been served, including Ms. Blalock. Further, the state court has made it clear in its recent rulings that plaintiff has made a prima facie

- 4 -
Plaintiff's Notice and Motion to Compel

showing such that he will be given authorization for limited third-party discovery to unmask, locate and serve at least four further defendants, including those who are anonymous and/or using fake names/accounts. Finally, plaintiff has filed a motion for leave to amend his state complaint to bring Facebook into this matter as another defendant for its product liability (defective algorithm(s)), negligence and deceptive business practices.

As this court is aware and as is already on file in this matter from several previous filings by plaintiff, unusually malicious statements about plaintiff occurred specifically in Facebook groups such as, but not limited to: "Are We Dating The Same Guy?" ("AWDTSG"), which has Facebook groups located in hundreds of cities around the world and with tens of millions of members, if not more, from Facebook's four (4) billion user-base. Said AWDTSG Facebook groups are aggressively secretive and anonymous to elude responsibility for their crimes and civil torts. Like Facebook and its algorithms, these Facebook groups are controlled by anonymous individuals: creators, administrators and moderators who collectively refused to allow their victims such as plaintiff to join any of these groups to defend themselves.

Facebook AWDTSG group members stated that "public records show" [that plaintiff has] involvement in [a] MURDER case of his ex[-]wife", is "suspected of murder"; [h]as several domestic violence charges filed against him"; is an "abusive murderer"; "[has] "[f]iled […] court cases against women […] trying to extort money from them"; "has committed fraud"; "has acted fraudulently", "has STDs", has an "ex-wife who [he] killed"; "claim[s] he is an attorney"; has a fraudulent Ph.D from Yale University; has stalked several women; and that plaintiff is listed on the California court's public record as

being a "vexatious litigant" (See declaration of plaintiff Dr. Stewart Lucas Murrey ¶ 3, Exh. "A", attached hereto).

All of these statements are false (decl. Dr. Murrey ¶ 4). Of the hundreds of Facebook accounts involved not a single woman has come forward who plaintiff has ever met in person other than one who plaintiff only met for less than fifteen minutes because plaintiff saw that she did not resemble her pictures and he refused to go on a date with her and politely excused himself forthwith (Ibid.). Of the remaining Facebook accounts only a small fraction of women (so far only three) have had any communication with plaintiff e.g. via a few text messages and plaintiff rejected each and every one (Ibid.).

Said cyber-attack has led to off-line harassment of plaintiff, his loved ones, family, friends, colleagues and anyone perceived to be associated with plaintiff, he has received multiple death threats and suffered serious damages, including, but not limited to the loss of income and potential work and he is currently being treated for the severe harm he suffered (decl. Dr. Murrey ¶¶ 5-6, Exh. "B").

Among the goals of these unusually malicious statements and cyber-attack is the creation of mass web-traffic, "click-bait", drawing attention to one-self and obtaining "Facebook points" i.e. Facebook money, money via GoFundMe.com donations, also from a national and international news media campaign with billions of viewers, and money from securing a Netflix deal for a docuseries (decl. Dr. Murrey ¶ 7, Exh. "C"). Members of Facebook's AWDTSG and defendants in plaintiff's case have been caught harassing men who have passed away (and thus who cannot harm anyone) and the families of men, including their wives and children, who refused to have one-night stands with them (decl. Dr. Murrey ¶ 8, Exh. "D"). Instead of being a safe place for women to protect one another,

Facebook and its AWDTSG groups are places where drunk women cyber-attack men while they openly admit to suffering from psychological disorders, weight-issues etc. (Ibid.).

Defendant Blalock played a critical role in this Facebook cyber-attack. Blalock stated in Facebook AWDTSG groups in response to and alongside those responsible for the most heinous and savage comments, such as Kelly Gibbons, that plaintiff: 1) stole one of her mobile phones; 2) that she secretly recorded plaintiff; 3), that plaintiff invites women he dates to a "second location" because there he murders them; 4) that plaintiff has "something to do with" all "missing women in LA"; 5) that plaintiff is going to end up on "Dateline" for all his murders; 6) that plaintiff is similar to the infamous *Tinder Swindler* because plaintiff has also committed fraud and stolen large amounts of money; and 7) that for these reasons plaintiff should be abandon his home and residence where he has lived for a decade (decl. Dr. Murrey ¶ 9, Exh. E).

Blalock has admitted in her verified responses to plaintiff's requests for admission, specifically her response to RFA no. 5, that she received GoFundMe money for her webpage that she undersigned with several other defendants and whereupon she defamed plaintiff by falsely accusing him of stalking a woman named Elly Shariat who in truth and actual fact plaintiff does not know and never stalked (decl. Dr. Murrey ¶ 10, Exh. F). Ms. Shariat is currently a defendant in plaintiff's related state case (LASC case no. 23STCV14890). Although Shariat has aggressively evaded service, plaintiff has successfully brought her into his state lawsuit via a publication of service. Shariat is currently being sued for her malicious stalking story that Blalock et al. undersigned, published and used to illegally obtain GoFundMe money. Blalock has also obtained

- 7 -
Plaintiff's Notice and Motion to Compel

Facebook money via Facebook points i.e. Facebook money (decl. Dr. Murrey ¶ 11, Exh. G). And Blalock has attempted to obtain money from securing a Netflix deal for her malicious statements against plaintiff in an envisioned docu-series (decl. Dr. Murrey ¶ 12, Exh. "H").

Meanwhile, to evade responsibility for her malicious statements and unjust enrichment via the monetization of said intentional harm, Blalock filed a chapter seven (7) bankruptcy complaint after her anti-SLAPP motion failed and her discovery was due in said state case. Plaintiff responded by filing the above-captioned adversary proceeding.

As noted above, on 10 November 2024 plaintiff served Ms. Blalock with interrogatories, set two, no.s 22 and 23; and requests for production of documents, set two, No.s 41, 42 and 44 (decl. Dr. Murrey ¶¶ 13-14, Exh.s I & J). Defendant responded in bad faith with boilerplate, evasive and unintelligible objections to both interrogatories, set two, no.s 22 and 23 and requests for production of documents, set two, No.s 41, 42 and 44 on 17 November 2024 (decl. Dr. Murrey ¶¶ 15-16, Exh.s "K" & "L"). Plaintiff diligently sent defendant two meet & confer letters in good faith on 17 November 2024 and again on 26 November 2024 regarding the deficiencies of Ms. Blalock's responses to each respective set of the aforementioned discovery methods' questions and requests (decl. Dr. Murrey ¶¶ 17-18, Exh.s "M" & "N"). Ms. Blalock responded on 2 December 2024 that she would provide further responses to the said discovery by the end of that week i.e. Friday the 6th of December 2024 (decl. Dr. Murrey ¶ 19, Exh. "O"). However, because defendant failed yet again to provide properly responses, plaintiff sent Ms. Blalock a second meet & confer letter on 6 December 2024 informing her that he would now have to file a second motion

to compel, this time seeking not only sanctions, but also any and all further legal remedies for her ongoing failure (decl. Dr. Murrey ¶ 20, Exh. "P").

Said interrogatories and requests for production of documents are vital for plaintiff to move his adversary proceeding forward and therefore must be compelled. Ms. Blalock has responded with boilerplate evasive, frivolous and even absurd objections to plaintiff's reasonable discovery. In particular, plaintiff's aforementioned interrogatory No. 22 is vital to this case as it seeks information concerning defendant's monetization of her malicious defamation of plaintiff. Ms. Blalock willfully undersigned her GoFundMe webpage where she published a false story of plaintiff stalking a woman he has never met named Elly Shariat (decl. Dr. Murrey ¶ 10, Exh. "F"). This harmful story was aggressively promoted on social and national and international news media outlets worldwide to billions of viewers (Ibid.) Further, defendant admitted under oath that she received money from her obscene GoFundMe webpage (Ibid.; RFA response No. 5). The notion that defendant has filed bankruptcy and yet wants to hide relevant financial information is unlawful and even absurd.

Plaintiff's aforementioned interrogatory No. 23 is also critical to this matter, especially because defendant repeatedly claims that, although she signed her name on said GoFundMe webpage and assigned responsibility for its publication, she somehow believes she can wiggle out of any such liability. This naturally raises questions concerning the anonymous organizer of said GoFundMe webpage and other individuals who along with defendant Ms. Blalock willfully signed their names to publish the harmful story of plaintiff stalking a woman to billions of viewers (decl. Dr. Murrey ¶ 21, Exh. "Q"; ¶ 10, Exh. "F").

Plaintiff's aforementioned requests for production of documents (RPDs) No.s 41, 42 and 44 concern the same subject-matter, if from a different discovery method. RPD No.s 41, 42 and 43 ask for relevant evidence concerning defendant's signed GoFundMe webpage from which she unlawfully profited and which she conspired to keep secret with an "anonymous organizer" (decl. Dr. Murrey ¶¶ 10, 21, Exh. "F" & "Q").

As noted in plaintiff's diligent meet and confer letters, each of the above-noted interrogatories No.s 22 and 23 along with requests for production of documents No.s 41, 42 and 43 are reasonable, relevant and proportional to the needs of the plaintiff to develop the evidence (See Fed. Civ. Proc. before Trial 11:613 2019 *The Rutter Group* in regard to the *burden on all parties and court* wherein it is clearly stated that: "The burden of showing the 'proportionality' factors is not merely on the party seeking discovery. ALL parties must consider the proportionality factors when serving or responding to discovery requests and the court must do so in ruling on discovery matters." [FRCP 26(b)(1) & (g); Adv. Comm. Notes to 2015 Amendments to FRCP 26—'The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes'; and see *Vallejo v. Amgen, Inc.* (8th Cir. 2018) 903 F3d 733, 742].

Defendant Ms. Blalock is a proven liar who has perjured herself in federal court because she seeks to unlawfully hide relevant information regarding her secret conspiracy to harm plaintiff. For instance, she claims that she has evidence of plaintiff stalking Shariat as she and other anonymous individuals stated on their GoFundMe webpage and from which they profited (decl. Dr. Murrey ¶ 22, Exh. "R"). However, Blalock fails to produce any such evidence (decl. Dr. Murrey ¶ 22, Exh. "S"). Blalock claimed in AWDTSG

Facebook groups that she recorded plaintiff (decl. Dr. Murrey ¶ 23, Exh. "T"), when in truth and actual fact she has now admitted under oath that no such recording ever existed (decl. Dr. Murrey ¶ 23, Exh. "U") i.e. Blalock lied to get attention and earn Facebook money ("Facebook points") to also profit from the harm she caused plaintiff. And defendant has lied under oath in federal court that she never obtained Facebook money/points (decl. Dr. Murrey ¶ 24, Exh. "V") when in truth and actual fact she has received said money (decl. Dr. Murrey ¶ 25, Exh. "W"). Finally, whereas Blalock claims that Facebook's AWDTSG group "protects women", she has failed to produce any evidence to this effect and the truth and actual fact is that this group exists to harm people, including men who have passed away, their families, including their wives and children (decl. Dr. Murrey ¶ 8, Exh. "D").

## II. A MOTION TO COMPEL IS PROPER WHEN A PARTY FAILS TO RESPOND TO DISCOVERY

A motion to compel is the remedy available when a party fails to comply with its discovery obligations. Here Fed. R. B. P. 7026, 7033 and 7034 applies Fed. R. Civ. P., including, but not limited to Fed. R. Civ. P. 37(a)(1). Under Rule 37, a party may file a motion to compel discovery responses, including according to Rules 37(a)(3)(B) et. al. motions to compel responses to interrogatories and responses to document requests. Because defendant failed to respond properly to plaintiff's written discovery, plaintiff has a right to seek a court order compelling compliance under Rule 37.

The aforementioned interrogatories and requests for production of documents are all basic and critical information to this case. Ms. Blalock provided only boilerplate, evasive and unintelligible responses. This is part of a clear pattern of defendant seeking to deceive

this court to evade any responsibility for serious harm that she intentionally, maliciously and even surreptitiously caused plaintiff – not to mention the astonishingly selfish motives of Blalock who monetized said unlawful destruction of a life prior to her bankruptcy filing. Therefore the court should require defendant to respond clearly and thoroughly in good faith to plaintiff's aforementioned written discovery.

### III. MONETARY SANCTIONS AND ENTRY OF DEFAULT JUDGMENT AR E APPROPRIATE WHERE DEFENDANTS FAILED TO COOPERATE

Fed. R. B. P. 7037 and Local Rule 37-4 allows the court to impose sanctions where a party has failed to comply with or cooperate in the meet and confer procedures under Local Rule 37-1. *Cable & Computer Technology, Inc., supra*, 175 F.R.D. at 650 (sanctioning for failing to comply with local rules requiring meet and confer efforts related to a discovery dispute). As already discussed above, plaintiff properly propounded interrogatories and requests for production of documents and properly met & conferred with defendant in good faith to resolve this discovery dispute. To date, plaintiff has still not received a reasonable response from defendant regarding his interrogatories and requests for production of documents, thereby necessitating the present motion.

As set forth in plaintiff's declaration, this motion has cost a great deal of time and resources (decl. Dr. Murrey ¶ 27). Therefore, plaintiff requests that he be awarded sanctions in an amount found reasonable by this court, pursuant to Local Rule 37-1. Further, Fed. R. C. P. Rule 26 outlines the requirements for the disclosure of relevant information and documents during the discovery process. Pursuant to Rule 26(a)(1)(A)(iii) parties are obligated to provide the identity of individuals who may have discoverable information and to produce relevant documents. Rule 37 of the Fed. R. C. P. governs the

enforcement of discovery obligations. Under Ryle 37(a)(3)(B), if a party fails to respond to proper discovery requests, the requesting party may move for an order compelling disclosure. Rule 37(b)(2) further provides that if a party fails to obey an order to provide or permit discovery or permit discovery, the court may issue sanctions including those outlined in Rule 37(b)(2)(A)(i)-(vii), including but not limited to the entry of default against the violating party.

Finally, while plaintiff has properly complied with Rule 26(a)(1)(A)(iii) and disclosed over 200, defendant has failed to provide any disclosures whatsoever (decl. Dr. Murrey ¶ 28, Exh. X).

## IV. CONCLUSION

Based on defendants' non-compliance as outlined above, plaintiff respectfully requests that this court oder the following:

(1) Defendant has waived all objections to interrogatories and requests for production of documents;

(2) Defendant must comply with Rule 33 and respond to interrogatories without objections;

(3) Defendant must comply with Rule 34 and respond to requests for production of documents without objections;

(4) Defendant must comply with Rule 26(a)(1)(A)(iii) and disclosure any and all relevant evidence;

(5) Under Rule 37 plaintiff should be awarded monetary sanctions in the amount to be determined by this court as a result of defendant's failure to comply with court rules;

(6) And entry of default judgment against defendant.

Dated: 10 December 2024          Respectfully submitted,

By: _____
Dr. Stewart Lucas Murrey
Plaintiff & Plaintiff in Pro Se

PROOF OF SERVICE

I declare as follows:

I am over the age of 18 years, and not a party to this action. My address is 1217 Wilshire Bvd. # 3655, Santa Monica, CA 90403, which is located in the county where the mailing described below took place. On 11 December 2024 I served the foregoing document(s) described as: Dr. Murrey's Notice and Motion to Compel and Request for Sanctions; Joint Stipulation, Declaration and Proposed Order in the matter of Dr. Murrey v. Blalock (Federal Bankruptcy Case No. 24-ap-01152-BR) to:

Amy Lynne Blalock
1001 Gayley Ave. # 24381
Los Angeles, CA 90024
Tel. (310) 569-6182
Email: amyblalock@gmail.com

I served a true copy of the document(s) above:

[ ] By United States mail. I enclosed the documents in a sealed envelope or package addressed to the person(s) at the address(es) mentioned above and:

[ ] placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage full prepaid.

[X] By e-mail or electronic transmission. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

[X] I hereby certify under the penalty of perjury that the foregoing is true and correct. Executed on 11 December 2024 at Los Angeles, California.

_____
Declarant