FILED

DEC 11 2024

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                        Deputy Clerk

Dr. Stewart Lucas Murrey
1217 Wilshire Blvd. # 3655
Santa Monica, CA 90403
Tel.: (424) 278-3017
Email: 2@lucasmurrey.io
SocialMedia: sickoscoop.com/lucas
Website: lucasmurrey.com

Plaintiff & Plaintiff in Pro Se

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MS. AMY LYNNE BLALOCK, an individual;<br>      Debtor,<br><br>DR. STEWART LUCAS MURREY, an individual;<br>      Plaintiff,<br><br>MS. AMY LYNNE BLALOCK, an individual;<br>      Defendant. | Adversary Complaint Case No.<br>24-ap-01152-BR<br>[Assigned to: Hon. Judge Barry Russell]<br><br>**JOINT STIPULATION FOR PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES, SET TWO, AND REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO**<br><br>Hearing Date:<br>Hearing Time:<br>Courtroom:    1668<br>Judge:      Hon. Barry Russell |

Pursuant to Fed. R. Civ. P. 37(a) and Local Rules 37-1 and 37-2.1 plaintiff Dr.

Stewart Lucas Murrey and Defendant Ms. Amy Blalock submit the following joint

stipulation regarding plaintiff's motion to compel responses to interrogatories, set two, no.s

22 and 23; and production of documents, set two, No.s 41, 42 and 44.

## PLAINTIFF'S PRELIMINARY STATEMENT

In 2023 plaintiff discovered that he was the victim of a cyberbully attack that included, but was not limited to over three-hundred (300) different Facebook accounts. After filing reports with the LAPD and FBI and informing Facebook he filed a state lawsuit (see LASC case no. 23STCV14890). Although defendants sought to evade service, there are now four (4) named defendants who have been served, including Ms. Blalock. Further, the state court has made it clear in its recent rulings that plaintiff has made a prima facie showing such that he will be given authorization for limited third-party discovery to unmask, locate and serve at least four further defendants, including those who are anonymous and/or using fake names/accounts. Finally, plaintiff has filed a motion for leave to amend his state complaint to bring Facebook into this matter as another defendant for its product liability (defective algorithm(s)), negligence and deceptive business practices.

As this court is aware and as is already on file in this matter from several previous filings by plaintiff, unusually malicious statements about plaintiff occurred specifically in Facebook groups such as, but not limited to: "Are We Dating The Same Guy?" ("AWDTSG"), which has Facebook groups located in hundreds of cities around the world and with tens of millions of members, if not more, from Facebook's four (4) billion user-base. Said AWDTSG Facebook groups are aggressively secretive and anonymous to elude responsibility for their crimes and civil torts. Like Facebook and its algorithms, these Facebook groups are controlled by anonymous individuals: creators, administrators and moderators who collectively refused to allow their victims such as plaintiff to join any of these groups to defend themselves.

Facebook AWDTSG group members stated that "public records show" [that plaintiff has] involvement in [a] MURDER case of his ex[-]wife", is "suspected of murder"; [h]as several domestic violence charges filed against him"; is an "abusive murderer"; "[has] "[f]iled […] court cases against women […] trying to extort money from them"; "has committed fraud"; "has acted fraudulently", "has STDs", has an "ex-wife who [he] killed"; "claim[s] he is an attorney"; has a fraudulent Ph.D from Yale University; has stalked several women; and that plaintiff is listed on the California court's public record as being a "vexatious litigant" (See declaration of plaintiff Dr. Stewart Lucas Murrey ¶ 3, Exh. "A", attached hereto).

All of these statements are false (decl. Dr. Murrey ¶ 4). Of the hundreds of Facebook accounts involved not a single woman has come forward who plaintiff has ever met in person other than one who plaintiff only met for less than fifteen minutes because plaintiff saw that she did not resemble her pictures and he refused to go on a date with her and politely excused himself forthwith (Ibid.). Of the remaining Facebook accounts only a small fraction of women (so far only three) have had any communication with plaintiff e.g. via a few text messages and plaintiff rejected each and every one (Ibid.).

Said cyber-attack has led to off-line harassment of plaintiff, his loved ones, family, friends, colleagues and anyone perceived to be associated with plaintiff, he has received multiple death threats and suffered serious damages, including, but not limited to the loss of income and potential work and he is currently being treated for the severe harm he suffered (decl. Dr. Murrey ¶¶ 5-6, Exh. "B").

Among the goals of these unusually malicious statements and cyber-attack is the creation of mass web-traffic, "click-bait", drawing attention to one-self and obtaining

JOINT STIPULATION FOR PLAINTIFF'S MOTION TO COMPEL

"Facebook points" i.e. Facebook money, money via GoFundMe.com donations, also from a national and international news media campaign with billions of viewers, and money from securing a Netflix deal for a docuseries (decl. Dr. Murrey ¶ 7, Exh. "C"). Members of Facebook's AWDTSG and defendants in plaintiff's case have been caught harassing men who have passed away (and thus who cannot harm anyone) and the families of men, including their wives and children, who refused to have one-night stands with them (decl. Dr. Murrey ¶ 8, Exh. "D"). Instead of being a safe place for women to protect one another, Facebook and its AWDTSG groups are places where drunk women cyber-attack men while they openly admit to suffering from psychological disorders, weight issues etc. (Ibid.).

Defendant Blalock played a critical role in this Facebook cyber-attack. Blalock stated in Facebook AWDTSG groups in response to and alongside those responsible for the most heinous and savage comments, such as Kelly Gibbons, that plaintiff: 1) stole one of her mobile phones; 2) that she secretly recorded plaintiff; 3), that plaintiff invites women he dates to a "second location" because there he murders them; 4) that plaintiff has "something to do with" all "missing women in LA"; 5) that plaintiff is going to end up on "Dateline" for all his murders; 6) that plaintiff is similar to the infamous *Tinder Swindler* because plaintiff has also committed fraud and stolen large amounts of money; and 7) that for these reasons plaintiff should be abandon his home and residence where he has lived for a decade (decl. Dr. Murrey ¶ 9, Exh. E).

Blalock has admitted in her verified responses to plaintiff's requests for admission, specifically her response to RFA no. 5, that she received GoFundMe money for her webpage that she undersigned with several other defendants and whereupon she defamed

plaintiff by falsely accusing him of stalking a woman named Elly Shariat who in truth and

actual fact plaintiff does not know and never stalked (decl. Dr. Murrey ¶ 10, Exh. F). Ms.

Shariat is currently a defendant in plaintiff's related state case (LASC case no.

23STCV14890). Although Shariat has aggressively evaded service, plaintiff has

successfully brought her into his state lawsuit via a publication of service. Shariat is

currently being sued for her malicious stalking story that Blalock et al. undersigned,

published and used to illegally obtain GoFundMe money. Blalock has also obtained

Facebook money via Facebook points i.e. Facebook money (decl. Dr. Murrey ¶ 11, Exh.

G). And Blalock has attempted to obtain money from securing a Netflix deal for her

malicious statements against plaintiff in an envisioned docu-series (decl. Dr. Murrey ¶ 12,

Exh. "H").

Meanwhile, to evade responsibility for her malicious statements and unjust

enrichment via the monetization of said intentional harm, Blalock filed a chapter seven (7)

bankruptcy complaint after her anti-SLAPP motion failed and her discovery was due in

said state case. Plaintiff responded by filing the above-captioned adversary proceeding.

On 10 November 2024 plaintiff served Ms. Blalock with interrogatories, set two,

no.s 22 and 23; and requests for production of documents, set two, No.s 41, 42 and 44

(decl. Dr. Murrey ¶¶ 13-14, Exh.s I & J). Defendant responded in bad faith with

boilerplate, evasive and unintelligible objections to both interrogatories, set two, no.s 22

and 23 and requests for production of documents, set two, No.s 41, 42 and 44 on 17

November 2024 (decl. Dr. Murrey ¶¶ 15-16, Exh.s "K" & "L"). Plaintiff diligently sent

defendant two meet & confer letters in good faith on 17 November 2024 and again on 26

November 2024 regarding the deficiencies of Ms. Blalock's responses to each respective

1    set of the aforementioned discovery methods' questions and requests (decl. Dr. Murrey ¶¶

2    17-18, Exh.s "M" & "N"). Ms. Blalock responded on 2 December 2024 that she would

3
     provide further responses to the said discovery by the end of that week i.e. Friday the 6th of
4
5    December 2024 (decl. Dr. Murrey ¶ 19, Exh. "O"). However, because defendant failed yet

6    again to provide properly responses, plaintiff sent Ms. Blalock a second meet & confer

7    letter on 6 December 2024 informing her that he would now have to file a second motion

8    to compel, this time seeking not only sanctions, but also any and all further legal remedies
9
10   for her ongoing failure (decl. Dr. Murrey ¶ 20, Exh. "P").

11        Said interrogatories and requests for production of documents are vital for plaintiff

12   to move his adversary proceeding forward and therefore must be compelled. Ms. Blalock

13   has responded with boilerplate evasive, frivolous and even absurd objections to plaintiff's
14
15   reasonable discovery.

16              **DEFENDANTS'PRELIMINARY STATEMENT**

17        […]

18        **LIST OF DISPUTED INTERROGATORIES AND REQUESTS FOR**
19              **PRODUCTION OF DOCUMENTS**

20   **Dr. Murrey's Interrogatory No. 22**: "State the details concerning any and all

21
22   monies you received from GoFundMe, including, but not limited to the amount you

23   received, the individual from whom you received said monies, how the total amount of

24   money received was dispersed and who dispersed said monies at what time."

25   **Ms. Blalock's Response**: "Object. Not relevant to this case and this interrogatory
26
27   seeks confidential information, which, if disclosed, may constitute an unwarranted

28   invasion of privacy."

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Argument:** Interrogatories No. 22 is vital to this case as it seeks information concerning defendant's monetization of her malicious defamation of plaintiff. Ms. Blalock willfully undersigned her GoFundMe webpage where she published a false story of plaintiff stalking a woman he has never met named Elly Shariat (decl. Dr. Murrey ¶ 10, Exh. "F"). This harmful story was aggressively promoted on social and national and international news media outlets worldwide to billions of viewers (Ibid.) Further, defendant admitted under oath that she received money from her obscene GoFundMe webpage (Ibid.; RFA response No. 5). The notion that defendant has filed bankruptcy and yet wants to hide relevant financial information with a boilerplate and unintelligible objection is unlawful and even absurd.

This interrogatory is reasonable, relevant and proportional to the needs of the plaintiff to develop the evidence (See Fed. Civ. Proc. before Trial 11:613 2019 *The Rutter Group* in regard to the *burden on all parties and court* wherein it is clearly stated that: "The burden of showing the 'proportionality' factors is not merely on the party seeking discovery. ALL parties must consider the proportionality factors when serving or responding to discovery requests and the court must do so in ruling on discovery matters." [FRCP 26(b)(1) & (g); Adv. Comm. Notes to 2015 Amendments to FRCP 26—'The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes'; and see *Vallejo v. Amgen, Inc.* (8th Cir. 2018) 903 F3d 733, 742].

**Dr. Murrey's Interrogatory No. 23:** "Sate and identify the complete name, address, telephone number, email address, social media accounts of any and all anonymous

organizers and/or members of the GoFundMe webpage:

https://www.gofundme.com/f/legal-fund-for-the-women-of-awdtsg-los-angeles."

**Ms. Blalock's Response**: "Object. Not relevant to this case and this interrogatory

seeks confidential information, which, if disclosed, may constitute an unwarranted

invasion of privacy."

**Argument:** Interrogatories No. 23 is vital to this case as it seeks information

concerning defendant's monetization of her malicious defamation of plaintiff. Ms. Blalock

willfully undersigned her GoFundMe webpage where she published a false story of

plaintiff stalking a woman he has never met named Elly Shariat along with anonymous

individuals (decl. Dr. Murrey ¶ 21, Exh. "Q"). This harmful story was aggressively

promoted on social and national and international news media outlets worldwide to billions

of viewers (decl. Dr. Murrey ¶ 10, Exh. "F"). Further, defendant admitted under oath that

she received money from her obscene GoFundMe webpage (Ibid.; RFA response No. 5).

The notion that defendant has filed bankruptcy and yet wants to hide relevant financial

information with a boilerplate and unintelligible objection is unlawful and even absurd.

This interrogatory is reasonable, relevant and proportional to the needs of the

plaintiff to develop the evidence (See Fed. Civ. Proc. before Trial 11:613 2019 *The Rutter

Group* in regard to the *burden on all parties and court* wherein it is clearly stated that:

"The burden of showing the 'proportionality' factors is not merely on the party seeking

discovery. ALL parties must consider the proportionality factors when serving or

responding to discovery requests and the court must do so in ruling on discovery matters."

[FRCP 26(b)(1) & (g); Adv. Comm. Notes to 2015 Amendments to FRCP 26—'The

parties and the court have a collective responsibility to consider the proportionality of all

discovery and consider it in resolving discovery disputes'; and see *Vallejo v. Amgen, Inc.* (8th Cir. 2018) 903 F3d 733, 742].

**Dr. Murrey's Request for Production of Documents No. 41**: "Any and all receipts, documents, documentation, communications, emails, texts, and any and all other communications concerning the GoFundMe money that you received from the GoFundMe webpage: https://www.gofundme.com/f/legal-fund-for-the-women-of-awdtsg-los-angeles."

**Ms. Blalock's Response**: "The responding party is unable to comply with Request No. 41 because it is private financial information."

**Argument:** RPD No. 41 is vital to this case as it seeks information concerning defendant's monetization of her malicious defamation of plaintiff. Ms. Blalock willfully undersigned her GoFundMe webpage where she published a false story of plaintiff stalking a woman he has never met named Elly Shariat (decl. Dr. Murrey ¶ 10, Exh. "F"). This harmful story was aggressively promoted on social and national and international news media outlets worldwide to billions of viewers (Ibid.) Further, defendant admitted under oath that she received money from her obscene GoFundMe webpage (Ibid.; RFA response No. 5). The notion that defendant has filed bankruptcy and yet wants to hide relevant financial information with a boilerplate and unintelligible objection is unlawful and even absurd.

This request is reasonable, relevant and proportional to the needs of the plaintiff to develop the evidence (See Fed. Civ. Proc. before Trial 11:613 2019 *The Rutter Group* in regard to the *burden on all parties and court* wherein it is clearly stated that: "The burden of showing the 'proportionality' factors is not merely on the party seeking discovery. ALL parties must consider the proportionality factors when serving or responding to discovery

requests and the court must do so in ruling on discovery matters." [FRCP 26(b)(1) & (g);

Adv. Comm. Notes to 2015 Amendments to FRCP 26—'The parties and the court have a

collective responsibility to consider the proportionality of all discovery and consider it in

resolving discovery disputes'; and see *Vallejo v. Amgen, Inc.* (8th Cir. 2018) 903 F3d 733,

742].

**Dr. Murrey's Request for Production of Documents No. 42**: "Any and all

receipts, documents, documentation, communications, emails, texts, and any and all other

communications with the anonymous organizer(s) and/or member(s) of the GoFundMe

webpage from which you received money: https://www.gofundme.com/f/legal-fund-for-

the-women-of-awdtsg-los-angeles."

**Ms. Blalock's Response**: "The responding party is unable to comply with Request

No. 41 because it is private financial information."

**Argument:** RPD No. 42 is vital to this case as it seeks information concerning

defendant's monetization of her malicious defamation of plaintiff. In particular, it asks for

relevant evidence concerning defendant's signed GoFundMe webpage from which she

unlawfully profited and which she conspired to keep secret with an "anonymous

organizer" (decl. Dr. Murrey ¶¶ 10, 21, Exh. "F" & "Q"). The harmful story that Blalock

and anonymous individuals published was aggressively promoted on social and national

and international news media outlets worldwide to billions of viewers (Ibid.) The notion

that defendant has filed bankruptcy and yet wants to hide relevant financial information

and information concerning other individuals with whom she conspired with a boilerplate

and unintelligible objection is unlawful and even absurd.

This request is reasonable, relevant and proportional to the needs of the plaintiff to develop the evidence (See Fed. Civ. Proc. before Trial 11:613 2019 *The Rutter Group* in regard to the *burden on all parties and court* wherein it is clearly stated that: "The burden of showing the 'proportionality' factors is not merely on the party seeking discovery. ALL parties must consider the proportionality factors when serving or responding to discovery requests and the court must do so in ruling on discovery matters." [FRCP 26(b)(1) & (g); Adv. Comm. Notes to 2015 Amendments to FRCP 26—'The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes'; and see *Vallejo v. Amgen, Inc.* (8th Cir. 2018) 903 F3d 733, 742].

**Dr. Murrey's Request for Production of Documents No. 43**: "Any and all messages, text messages, emails and/or communications concerning the removal of Elly Shariat's story of plaintiff stalking her on your GoFundMe webpage: https://www.gofundme.com/f/legal-fund-for-the-women-of-awdtsg-los-angeles."

**Ms. Blalock's Response**: "The responding party is unable to comply with Request No. 41 because it is private financial information."

**Argument:** RPD No. 41 is vital to this case as it seeks information concerning defendant's monetization of her malicious defamation of plaintiff. Ms. Blalock willfully undersigned her GoFundMe webpage where she published a false story of plaintiff stalking a woman he has never met named Elly Shariat (decl. Dr. Murrey ¶ 10, Exh. "F"). This harmful story was aggressively promoted on social and national and international news media outlets worldwide to billions of viewers (Ibid.) Further, defendant admitted under oath that she received money from her obscene GoFundMe webpage (Ibid.; RFA response

No. 5). The notion that defendant has filed bankruptcy and yet wants to hide relevant financial information with a boilerplate and unintelligible objection is unlawful and even absurd.

This request is reasonable, relevant and proportional to the needs of the plaintiff to develop the evidence (See Fed. Civ. Proc. before Trial 11:613 2019 *The Rutter Group* in regard to the *burden on all parties and court* wherein it is clearly stated that: "The burden of showing the 'proportionality' factors is not merely on the party seeking discovery. ALL parties must consider the proportionality factors when serving or responding to discovery requests and the court must do so in ruling on discovery matters." [FRCP 26(b)(1) & (g); Adv. Comm. Notes to 2015 Amendments to FRCP 26—'The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes'; and see *Vallejo v. Amgen, Inc.* (8th Cir. 2018) 903 F3d 733, 742].

## <u>PLAINTIFF'S ATTEMPT IN GOOD FAITH TO RESOLVE THE DISPUTE</u>

As noted above plaintiff has sought in good faith to meet & confer regarding the deficiencies of defendant's responses. Plaintiff diligently sent defendant two meet & confer letters in good faith on 17 November 2024 and again on 26 November 2024 regarding the deficiencies of Ms. Blalock's responses to each respective set of the aforementioned discovery methods' questions and requests (decl. Dr. Murrey ¶¶ 17-18, Exh.s "M" & "N"). Ms. Blalock responded on 2 December 2024 that she would provide further responses to the said discovery by the end of that week i.e. Friday the 6th of December 2024 (decl. Dr. Murrey ¶ 19, Exh. "O"). However, because defendant failed yet again to provide properly responses, plaintiff sent Ms. Blalock a second meet & confer

JOINT STIPULATION FOR PLAINTIFF'S MOTION TO COMPEL

letter on 6 December 2024 informing her that he would now have to file a second motion to compel, this time seeking not only sanctions, but also any and all further legal remedies for her ongoing failure (decl. Dr. Murrey ¶ 20, Exh. "P").

## ARGUMENT

Defendant Ms. Blalock is a proven liar who has perjured herself in federal court because she seeks to unlawfully hide relevant information regarding her secret conspiracy to harm plaintiff. For instance, she claims that she has evidence of plaintiff stalking Shariat as she and other anonymous individuals stated on their GoFundMe webpage and from which they profited (decl. Dr. Murrey ¶ 22, Exh. "R"). However, Blalock fails to produce any such evidence (decl. Dr. Murrey ¶ 22, Exh. "S"). Blalock claimed in AWDTSG Facebook groups that she recorded plaintiff (decl. Dr. Murrey ¶ 23, Exh. "T"), when in truth and actual fact she has now admitted under oath that no such recording ever existed (decl. Dr. Murrey ¶ 23, Exh. "U") i.e. Blalock lied to get attention and earn Facebook money ("Facebook points") to also profit from the harm she caused plaintiff. And defendant has lied under oath in federal court that she never obtained Facebook money/points (decl. Dr. Murrey ¶ 24, Exh. "V") when in truth and actual fact she has received said money (decl. Dr. Murrey ¶ 25, Exh. "W"). Finally, whereas Blalock claims that Facebook's AWDTSG group "protects women", she has failed to produce any evidence to this effect and the truth and actual fact is that this group exists to harm people, including men who have passed away, their families, including their wives and children (decl. Dr. Murrey ¶ 8, Exh. "D").

Plaintiff's discovery is relevant and proportional to the needs of the plaintiff to develop the evidence. See Fed. Civ. Proc. before Trial 11:613 2019 *The Rutter Group* in

1    regard to the *burden on all parties and court* wherein it is clearly stated that: "The burden

2    of showing the 'proportionality' factors is not merely on the party seeking discovery. ALL

3    parties must consider the proportionality factors when serving or responding to discovery

4    requests and the court must do so in ruling on discovery matters. [FRCP 26(b)(1) & (g);

5

6    Adv. Comm. Notes to 2015 Amendments to FRCP 26—'The parties and the court have a

7    collective responsibility to consider the proportionality of all discovery and consider it in

8    resolving discovery disputes'; and see *Vallejo v. Amgen, Inc.* (8th Cir. 2018) 903 F3d 733,

9

10   742].

11        These interrogatories and requests for production of documents are relevant and go

12   to the core of this matter. Defendant cannot simply ignore this discovery and fail to

13   provide complete and thorough responses.

14   **<u>DEFENDANTS' ARGUMENT RELATED TO HER FAILURE TO RESPOND TO</u>**

15   **<u>INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

16        […]

17

18

19   DATED:  8 December 2024

20

21   By _____

22        Dr. Stewart Lucas Murrey
         Plaintiff & Plaintiff in Pro Se

23   DATED: ___ December 2024

24

25

26   By _____

27        Ms. Amy Blalock
         Defendant & Defendant in Pro Se

28

# PROOF OF SERVICE

I declare as follows:

I am over the age of 18 years, and not a party to this action. My address is 1217 Wilshire Bvd. # 3655, Santa Monica, CA 90403, which is located in the county where the mailing described below took place. On 11 December 2024 I served the foregoing document(s) described as: Dr. Murrey's Notice and Motion to Compel and Request for Sanctions; Joint Stipulation, Declaration and Proposed Order in the matter of Dr. Murrey v. Blalock (Federal Bankruptcy Case No. 24-ap-01152-BR) to:

Amy Lynne Blalock
1001 Gayley Ave. # 24381
Los Angeles, CA 90024
Tel. (310) 569-6182
Email: amyblalock@gmail.com

I served a true copy of the document(s) above:

[ ] By United States mail. I enclosed the documents in a sealed envelope or package addressed to the person(s) at the address(es) mentioned above and:

[ ] placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage full prepaid.

[ X ] By e-mail or electronic transmission. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

[X] I hereby certify under the penalty of perjury that the foregoing is true and correct. Executed on 11 December 2024 at Los Angeles, California.

_____
Declarant