# EXHIBIT 5

Amy Blalock
1001 Gayley Ave #24381
Los Angeles, CA 90024
amyblalock@gmail.com

In Pro Se

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Adversary Case No. 24-AP-01152-BR |
| AMY LYNNE BLALOCK, an individual; | Bankruptcy Case No. 24-bk-12532-BR |
| Debtor, | Chapter: 7 |
| STEWART LUCAS MURREY, an individual; | |
| Plaintiff, | **DEFENDANTS RESPONSES AND** |
| | **OBJECTIONS TO: PLAINTIFF'S DR.** |
| AMY LYNNE BLALOCK, an individual; | **MURREY'S REQUESTS FOR** |
| | **ADMISSION TO DEFENDANT MS.** |
| Debtor | **BLALOCK (SET ONE)** |

1

RESPONSE TO DISCOVERY SET ONE

PROPOUNDING PARTY:    Plaintiff Dr. Murrey

RESPONDING PARTY:      Defendant Amy Blalock

SET NUMBER:                 ONE

RESPONDING PARTY hereby answer PROPOUNDING PARTY'S PLAINTIFF'S DR.

MURREY REQUESTS FOR ADMISSION TO DEFENDANT MS. BLALOCK (SET ONE)

**REQUEST FOR ADMISSION NO. 1:**

Admit that plaintiff has never stalked anyone

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Responding party cannot admit or deny because, after a reasonable inquiry, I lack the

knowledge or information sufficient to enable me to either admit or deny. I therefore

DENY.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you never recorded Plaintiff

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Admit

2

RESPONSE TO DISCOVERY SET ONE

**REQUEST FOR ADMISSION NO. 3:**

Admit that you never informed Plaintiff of statements about him on Facebook's forum(s) " Are We Dating The Same Guy?" ("AWDTSG), including, but not limited to your own statements about him.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Admit

**REQUEST FOR ADMISSION NO. 4:**

Admit that you knew plaintiff would never be able to join Facebook's AWDTSG group(s) to exercise his right to freedom of speech to defend himself.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Responding party cannot admit or deny because, after a reasonable inquiry, I lack the knowledge or information sufficient to enable me to either admit or deny. I therefore DENY.

**REQUEST FOR ADMISSION NO. 5:**

Admit that you received money from your GoFundMe webpage concerning plaintiff

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Admit

**REQUEST FOR ADMISSION NO. 6:**

3

RESPONSE TO DISCOVERY SET ONE

Admit that you received rewards, compensation and or benefits such as Facebook points for your comments in AWDTSG

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Deny

**REQUEST FOR ADMISSION NO. 7:**

Admit that you have no evidence of AWDTSG protecting women

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Deny

**REQUEST FOR ADMISSION NO. 8:**

Admit that you have never recommended a man for women to date in AWDTSG

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Admit

**REQUEST FOR ADMISSION NO. 9:**

Admit that you electronically harassed, stalked and cyberbullied plaintiff on social media, including but not limited to Facebook's AWDTSG group(s).

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Deny

4

**REQUEST FOR ADMISSION NO. 10:**

Admit that you never met plaintiff in person prior to litigation hearings in bankruptcy court in 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Deny

**REQUEST FOR ADMISSION NO. 11:**

Admit that you made anonymous comments about plaintiff on social media, including, but not limited to AWDTSG and other dating apps.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Deny

**REQUEST FOR ADMISSION NO. 12:**

Admit that you stated that any woman who meets plaintiff should read and believe all the "dirt" on plaintiff posted in AWDTSG.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Responding party cannot admit or deny because, after a reasonable inquiry, I lack the knowledge or information sufficient to enable me to either admit or deny, in that responding party has no recollection of making this statement. I therefore DENY.

5

RESPONSE TO DISCOVERY SET ONE

**REQUEST FOR ADMISSION NO. 13:**

Admit that you stated that plaintiff is responsible for "any missing women in LA"

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Objection, plaintiff is attempting to mischaracterize my statement(s).

Deny in part, as my full sentence was not stating a fact but my fear **"I'm afraid if**

there's any missing women in LA -- he has something to do with it."

**REQUEST FOR ADMISSION NO. 14:**

Admit that you stated that plaintiff represents a serious criminal threat to any and all women to

whom the plaintiff "has access"

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Responding party cannot admit or deny because, after a reasonable inquiry, I lack the

knowledge or information sufficient to enable me to either admit or deny,  in that

responding party has no recollection of making this statement. I therefore DENY.

**REQUEST FOR ADMISSION NO. 15:**

Admit that you stated that you used a "work phone and personal phone" to secretly record the

plaintiff and that you "stacked [them] on the bar in front of [you] and one of them was

recording.

6

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Admit in part; to the extent that I did say this but I never recorded plaintiff

**REQUEST FOR ADMISSION NO. 16:**

Admit that you made secret recordings of plaintiff without his consent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Deny

**REQUEST FOR ADMISSION NO. 17:**

Admit that you repeated the question in AWDTSG LA: "Why does he stay in LA?"

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Admit

**REQUEST FOR ADMISSION NO. 18:**

Admit that you tried to cyberbullying plaintiff and force him to move away and uproot his life from Los Angeles and/or Lake Arrowhead.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Deny

**REQUEST FOR ADMISSION NO. 19:**

7

1    Admit that you knew that the Facebook app, its algorithm and "points" are defective products

2    that harmed plaintiff during the time you published statements about him AWDTSG

3

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

    Deny

5

6

7

8    Dated: November 7, 2024

9                                                        AMY BLALOCK, DEFENDANT

10                                                       IN PRO SE

11

12

13    //

14    //

15    //

16    //

17    //

18

19

20

21

                                    8

1

## VERIFICATION

2

I, Amy Blalock, declare as follows:

3

1. I am the defendant in the adversary proceeding titled: 24-ap-01152-BR pending in the

Central District of California.

4

2. I have read the foregoing **DEFENDANTS RESPONSES AND OBJECTIONS TO:**

5

**PLAINTIFF'S DR. MURREY'S REQUESTS FOR ADMISSION TO DEFENDANT MS.**

6

**BLALOCK (SET ONE)**

7

3. I am informed and believe that the same is true and correct.

8

9

I declare under penalty of perjury under the laws of the United States of America that the

foregoing answers are true and correct.

10

11

12

Executed at: Woodland Hills, CA

13

14

Date: November 7th, 2024

15

AMY BLALOCK, DEFENDANT, IN PRO SE

16

17

18

19

20

21

9

RESPONSE TO DISCOVERY SET ONE

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
13327 Van Nuys Blvd
Pacoima, CA 91331

A true and correct copy of the foregoing document entitled (specify): _____
Defendant's Responses and Objections to: Plaintiff's Dr. Murrey's Requests for Admission to Defendant Ms. Blalock
Blalock (Set One) _____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date)
_____. I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date)   11/07/2024  . I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

Dr. Stewart Lucas Murrey
1217 Wilshire Blvd., #3655
Santa Monica, CA 90403

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method
for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____. I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/07/2024 | Michael Massmann | | |
|------------|------------------|---|---|
| Date | Printed Name | | Signature |

_This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California._

*June 2012*                                                      **F 9013-3.1.PROOF.SERVICE**

1  Amy Blalock
   1001 Gayley Ave #24381
2  Los Angeles, CA 90024
   amyblalock@gmail.com
3
   In Pro Se
4
                    **UNITED STATES BANKRUPTCY COURT**
5
                    **CENTRAL DISTRICT OF CALIFORNIA**
6

7

8  | In re: | Adversary Case No. 24-AP-01152-BR |

9  AMY LYNNE BLALOCK, an individual;          Bankruptcy Case No. 24-bk-12532-BR

            Debtor,                           Chapter: 7
10
   STEWART LUCAS MURREY, an individual;
11
            Plaintiff,                        **DEFENDANTS RESPONSES AND**
12                                            **OBJECTIONS TO: PLAINTIFF'S DR.**
   AMY LYNNE BLALOCK, an individual;          **MURREY'S INTERROGATORIES TO**
13                                            **DEFENDANT MS. BLALOCK (SET**
            Debtor                            **ONE)**
14

15

16

17

18     PROPOUNDING PARTY:    Plaintiff Dr. Murrey

19     RESPONDING PARTY:     Defendant Amy Blalock

20     SET NUMBER:           ONE

21
                                   1

RESPONDING PARTY hereby answer PROPOUNDING PARTY'S PLAINTIFF'S DR.

MURREY INTERROGATORIES TO DEFENDANT MS. BLALOCK (SET ONE)

**INTERROGATORY NO. 1:**

State the date when Elly Shariat ("Shariat") was stalked by plaintiff.

**RESPONSE TO INTERROGATORY NO. 1:**

Object. Not relevant to this case.

**INTERROGATORY NO. 2:**

State the place where Shariat was stalked by plaintiff.

**RESPONSE TO INTERROGATORY NO. 2:**

Object. Not relevant to this case.

**INTERROGATORY NO. 3:**

Identify any and all persons who witnessed plaintiff stalk Shariat.

**RESPONSE TO INTERROGATORY NO. 3:**

Object. Not relevant to this case.

**INTERROGATORY NO. 4:**

State the date when you secretly recorded plaintiff.

2

**RESPONSE TO INTERROGATORY NO. 4:**

Object, irrelevant to this case. The year I met the plaintiff was 2017.

**INTERROGATORY NO. 5:**

State the place where you secretly recorded plaintiff.

**RESPONSE TO INTERROGATORY NO. 5:**

Object. irrelevant to this case. I met the plaintiff at Little Bar on La Brea Ave in

Los Angeles, CA but no recording was made.

**INTERROGATORY NO. 6:**

Are there any documentaries about plaintiff currently being contemplated and/or made?

**RESPONSE TO INTERROGATORY NO. 6:**

I'm unaware of any.

**INTERROGATORY NO. 7:**

What monies, rewards, compensations, points, Facebook points and/or any other

benefits have you received?

**RESPONSE TO INTERROGATORY NO. 7:**

Object. Not relevant to this case.

3

**INTERROGATORY NO. 8:**

      To whom was the money received from GoFundMe as a result of your undersigned GoFundMe webpage concerning plaintiff distributed?

**RESPONSE TO INTERROGATORY NO. 8:**

      Object. Not relevant to this case. I never started a GoFundMe and have no knowledge of who the monies were distributed.

**INTERROGATORY NO. 9:**

      Have you ever worked for any social media company as an administrator and/or moderator, including, but not limited to Facebook and its forums on AWDTSG?

**RESPONSE TO INTERROGATORY NO. 9:**

      Object. Not relevant to this case. No, I have not.

**INTERROGATORY NO. 10:**

      Have you ever worked for any governmental agency?

**RESPONSE TO INTERROGATORY NO. 10:**

      Object. Not relevant to this case and this interrogatory seeks confidential information, which, if disclosed, may constitute an unwarranted invasion of privacy.

**INTERROGATORY NO. 11:**

      State and identify you employers for the past ten (10) years.

RESPONSE TO INTERROGATORIES SET ONE

**RESPONSE TO INTERROGATORY NO. 11:**

Object. Not relevant to this case and this interrogatory seeks confidential

information, which, if disclosed, may constitute an unwarranted invasion of privacy.

**INTERROGATORY NO. 12:**

State and identify your complete educational history.

**RESPONSE TO INTERROGATORY NO. 12:**

Object. Not relevant to this case and this interrogatory seeks confidential

information, which, if disclosed, may constitute an unwarranted invasion of privacy.

**INTERROGATORY NO. 13:**

State and identify your date and place of birth.

**RESPONSE TO INTERROGATORY NO. 13:**

Object. Not relevant to this case and this interrogatory seeks confidential

information, which, if disclosed, may constitute an unwarranted invasion of privacy.

**INTERROGATORY NO. 14:**

State and identify the complete name, address, telephone number, email address, social

media accounts of any and all anonymous postings and/or accounts concerning plaintiff, including but

not limited to those who anonymously posted the comments and pictures of plaintiff attached hereto as

Exhibit "1".

5

**RESPONSE TO INTERROGATORY NO. 14:**

Object. Not relevant to this case and this interrogatory seeks confidential

information, which, if disclosed, may constitute an unwarranted invasion of privacy.

**INTERROGATORY NO. 15:**

Identify any and all third-parties to whom you have reported plaintiff, including, but

not limited to any and all social media and/or dating apps.

**RESPONSE TO INTERROGATORY NO. 15:**

Object. Not relevant to this case. I have never reported plaintiff to any social

media or dating apps.

**INTERROGATORY NO. 16:**

Identify the contact information: full names, addresses, telephone numbers, email

addresses of all the women you have protected in online groups.

**RESPONSE TO INTERROGATORY NO. 16:**

Object. Not relevant to this case and this interrogatory seeks confidential

information, which, if disclosed, may constitute an unwarranted invasion of privacy.

**INTERROGATORY NO. 17:**

Why were all of your comments about plaintiff in AWDTSG and on GoFundMe

deleted?

6

**RESPONSE TO INTERROGATORY NO. 17:**

I'm unaware. I reached out to the group administrator of AWDTSG the same

question because I don't run that group and did not delete my own comments.

**INTERROGATORY NO. 18:**

State the nature of your relationship to the other accounts who comments on plaintiff in

AWDTSG, including but not limited to Kelly Gibbons, Lena Vanderford, Liv Burger and Paola

Sanchez.

**RESPONSE TO INTERROGATORY NO. 18:**

Object, not relevant to this case. Before the lawsuit, I did not know any of the

other defendants in the state case.

**INTERROGATORY NO. 19:**

State the complete names, addresses, telephone numbers, email addresses, social media

accounts of all male members of AWDTSG.

**RESPONSE TO INTERROGATORY NO. 19:**

Object. Not relevant to this case and this interrogatory seeks confidential

information, which, if disclosed, may constitute an unwarranted invasion of privacy.

7

**INTERROGATORY NO. 20:**

State the complete names, addresses, telephone numbers, email addresses, social media accounts of all men who you recommended as being safe for women to date in AWDTSG.

**RESPONSE TO INTERROGATORY NO. 20:**

Object. Not relevant to this case and this interrogatory seeks confidential information, which, if disclosed, may constitute an unwarranted invasion of privacy.

Dated: November 17, 2024

_____

AMY BLALOCK, DEFENDANT

IN PRO SE

**VERIFICATION**

I, Amy Blalock, declare as follows:

1. I am the defendant in the adversary proceeding titled: 24-ap-01152-BR pending in the Central District of California.

2. I have read the foregoing **DEFENDANTS RESPONSES AND OBJECTIONS TO: PLAINTIFF'S DR. MURREY'S INTERROGATORIES TO DEFENDANT MS. BLALOCK (SET ONE)**

3. I am informed and believe that the same is true and correct.

8

RESPONSE TO INTERROGATORIES SET ONE

1

2          I declare under penalty of perjury under the laws of the United States of America that the

3     foregoing answers are true and correct.

4

5     Executed at: Los Angeles, CA

6

7

8     Date: November 17th, 2024        _____

9                                         AMY BLALOCK, DEFENDANT, IN PRO SE

10

11

12

13

14

15

16

17

18

19

20

21

9

Amy Blalock
1001 Gayley Ave #24381
Los Angeles, CA 90024
amyblalock@gmail.com

In Pro Se

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>AMY LYNNE BLALOCK, an individual;<br><br>    Debtor,<br><br>STEWART LUCAS MURREY, an individual;<br><br>    Plaintiff,<br><br>AMY LYNNE BLALOCK, an individual;<br><br>    Debtor | Adversary Case No. 24-AP-01152-BR<br><br>Bankruptcy Case No. 24-bk-12532-BR<br><br>Chapter: 7<br><br><br>**DEFENDANTS RESPONSES AND OBJECTIONS TO: PLAINTIFF'S DR. MURREY'S INTERROGATORIES TO DEFENDANT MS. BLALOCK (SET TWO)** |

PROPOUNDING PARTY:    Plaintiff Dr. Murrey

RESPONDING PARTY:    Defendant Amy Blalock

SET NUMBER:    TWO

1

RESPONSE TO INTERROGATORIES SET TWO

RESPONDING PARTY hereby answer PROPOUNDING PARTY'S PLAINTIFF'S DR.

MURREY INTERROGATORIES TO DEFENDANT MS. BLALOCK (SET TWO)

**INTERROGATORY NO. 21:**

State the details, including but not limited to date and place, of every time you have

ever met plaintiff in person.

**RESPONSE TO INTERROGATORY NO. 21:**

I met the plaintiff once in 2017 for a date at Little Bar on La Brea Ave in Los

Angeles, CA. I do not remember the exact date as it was much too long ago to

remember.

**INTERROGATORY NO. 22:**

State the details concerning any and all monies you received from GoFundMe,

including but not limited to the amount you received, the individual from whom you received

said monies, how the total amount of money that was received was dispersed and who

dispersed said monies at what time.

**RESPONSE TO INTERROGATORY NO. 22:**

Object. Not relevant to this case and this interrogatory seeks confidential

information, which, if disclosed, may constitute an unwarranted invasion of privacy.

**INTERROGATORY NO. 23:**

2

1    State and identify the complete name, address, telephone number, email address, social

2    media accounts of any and all anonymous organizers and or/members of the GoFundMe

3    webpage: https://www.gofundme.com/f/legal-fund-for-the-women-of-awdtsg-los.angeles.

4    **RESPONSE TO INTERROGATORY NO. 23:**

5    Object. Not relevant to this case and this interrogatory seeks confidential

6    information, which, if disclosed, may constitute an unwarranted invasion of privacy.

7

8

9

Dated: November 17, 2024

10

AMY BLALOCK, DEFENDANT

11    IN PRO SE

12

13

14    //

15    //

16    //

17    //

18    //

19

20

21

3

1

<u>**VERIFICATION**</u>

2

I, Amy Blalock, declare as follows:

3

1. I am the defendant in the adversary proceeding titled: 24-ap-01152-BR pending in the

Central District of California.

4

2. I have read the foregoing **DEFENDANTS RESPONSES AND OBJECTIONS TO:**

5

**PLAINTIFF'S DR. MURREY'S INTERROGATORIES TO DEFENDANT MS.**

6

**BLALOCK (SET TWO)**

7

3. I am informed and believe that the same is true and correct.

8

9

I declare under penalty of perjury under the laws of the United States of America that the

foregoing answers are true and correct.

10

11

12

Executed at: Los Angeles, CA

13

14

Date: November 17th, 2024

15

_____

AMY BLALOCK, DEFENDANT, IN PRO

16

17

18

19

20

21

4

Dr. Stewart Lucas Murrey
1217 Wilshire Blvd. # 3655
Santa Monica, CA 90403
Tel.: (424) 278-3017
Email: 2@lucasmurrey.io
Website: lucasmurrey.com
SocialMedia: sickoscoop.com/lucas

Plaintiff & Plaintiff in Pro Se

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MS. AMY LYNNE BLALOCK, an individual;<br>      Debtor,<br><br>DR. STEWART LUCAS MURREY, an individual;<br>      Plaintiff,<br><br>MS. AMY LYNNE BLALOCK, an individual;<br>      Defendant. | Amended Adversary Complaint Case No. 24-ap-01152-BR<br>[Assigned to: Hon. Judge Barry Russell]<br><br>Related: Bankruptcy Case No. 24-bk-12532-BR-Chapter 7<br>[Assigned to: Hon. Judge Barry Russell]<br><br>PLAINTIFF'S DR. MURREY'S DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS TO DEFENDANT MS. BLALOCK (SET ONE) |

PROPOUNDING PARTY:    Plaintiff Dr. Murrey

RESPONDING PARTY:    Defendant Ms. Blalock

SET NO.:           ONE

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Dr.

Murrey hereby requests that Defendant Ms. Blalock (1) respond to this request, in

writing, within thirty (30) days from the date of service, and (2) produce and permit

inspection and copying of the documents described herein. The place of inspection

shall be 1217 Wilshire Blvd. # 3655, in Los Angeles, CA 90403 and shall take place

on the date of 9 November 2024 and at the time of 8:00 A.M. In lieu of making a

personal appearance on the production date, Defendant may append copies of the

requested documents to his response to Plaintiff's Demand for Inspection and

Production of Documents.

I.

DEFINITIONS AND INSTRUCTIONS

A. "DOCUMENT" means a writing as defined by Federal Rules of Evidence

1001(1), and shall include without limitation, the original (and absent the original then

a copy thereof), all file copies and copies not identical to the original of any writing or

record of every type, form, and description that is in the possession, custody, or control

of the responding party, or that no longer is in the responding party's possession but of

that the responding party still has knowledge, whether or not said writings or records

are claimed to be privileged or otherwise immune from discovery including by way of

illustration and not limitation, the following items, whether said writings or records are

on paper, magnetic disk, tape, or other computer or digital storage medium, microfilm,

microfiche, floppy, or any other storage or recording medium.

B. Whenever the terms "YOU" and "YOUR" are used, they refer to Defendant

Blalock and her agents, employees, attorneys, accountants, investigators, and anyone

else acting on his behalf.

C. Whenever the term "INCIDENT" is used, it refers to the events as set forth in the operative Complaint.

D. The term "COMPLAINT" refers to the operative complaint filed by Plaintiff in this action.

II.

## DEMAND FOR PRODUCTION

DEMAND FOR PRODUCTION NO. 1:

Any and all evidence of plaintiff having something to do with missing women from Los Angeles.

DEMAND FOR PRODUCTION NO. 2:

Any and all evidence of plaintiff having murdered women.

DEMAND FOR PRODUCTION NO. 3:

Any and all evidence of plaintiff having kidnapped women.

DEMAND FOR PRODUCTION NO. 4:

Any and all evidence of you having matched with plaintiff on a dating app.

DEMAND FOR PRODUCTION NO. 5:

Any and all evidence of you having dated plaintiff.

DEMAND FOR PRODUCTION NO. 6:

Any and all recordings you made of plaintiff.

DEMAND FOR PRODUCTION NO. 7:

Any and all records of Facebook points you have received.

**DEMAND FOR PRODUCTION NO. 8:**

Any and all records of rewards, compensation, monies, salaries, payments that you have received from Facebook.

**DEMAND FOR PRODUCTION NO. 9:**

Any and all money you received from GoFundMe.

**DEMAND FOR PRODUCTION NO. 10:**

Any and all evidence of plaintiff having stalked Elly Shariat.

**DEMAND FOR PRODUCTION NO. 11:**

Any and all evidence of plaintiff having stalked anyone.

**DEMAND FOR PRODUCTION NO. 12:**

Any and all evidence of plaintiff having committed a crime.

**DEMAND FOR PRODUCTION NO. 13:**

Any and all evidence of plaintiff having communicated with you.

**DEMAND FOR PRODUCTION NO. 14:**

Any and all communications between yourself and media outlets concerning plaintiff.

**DEMAND FOR PRODUCTION NO. 15:**

Any and all statements you made about plaintiff in the Facebook forum(s) "Are We Dating The Same Guy?" ("AWDTSG").

DEMAND FOR PRODUCTION NO. 16:

Any and all statements you made about plaintiff on Facebook.

DEMAND FOR PRODUCTION NO. 17:

Any and all statements you made about plaintiff on any platform and/or app.

DEMAND FOR PRODUCTION NO. 18:

Any and all records of monies, rewards, benefits, points you received on any platform and/or app whereupon you commented about plaintiff.

DEMAND FOR PRODUCTION NO. 19:

Any and all records of communications with news media outlets concerning plantiff.

DEMAND FOR PRODUCTION NO. 20:

Any and all records of communications with GoFundMe concerning plantiff.

DEMAND FOR PRODUCTION NO. 21:

Any and all work contracts in the past ten years.

DEMAND FOR PRODUCTION NO. 22:

Any and all work contracts with Facebook.

DEMAND FOR PRODUCTION NO. 23:

Any and all work contracts with any governmental agency.

DEMAND FOR PRODUCTION NO. 24:

Any and all statements, communications and/or records of such concerning

plaintiff to third parties, including, but not limited to any and all other AWDTSG

Facebook accounts.

DEMAND FOR PRODUCTION NO. 25:

Any and all documents and/or information of you protecting women.

DEMAND FOR PRODUCTION NO. 26:

Any and all reports and/or complaints of plaintiff that you made to any and all

third parties, including, but not limited to online groups, platforms and dating apps

such as Facebook, Instagram, Matchgroup, Hinge, Tinder, OkCupid, Bumble, Raya,

Upward.

DEMAND FOR PRODUCTION NO. 27:

Any and all notice(s) that you sent to plaintiff informing him that he was the

subject of your online postings, including, but not limited to your postings in the

Facebook group "Are We Dating The Same Guy? / Los Angeles"? ("AWDTSG/LA").

DEMAND FOR PRODUCTION NO. 28:

Any and all documents and/or information of your credentials to determine who

can and cannot date, socialize and/or initiate romantic and/or love relationships.

DEMAND FOR PRODUCTION NO. 29:

PLAINTIFF DR. MURREY'S DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS TO
DEFENDANT MS. BLALOCK

6

Any and all texts, images, postings and/or electronic communications that you

have approved on Facebook, Instagram, and/or dating apps, including, but not limited

to: AWDTSG/LA, Matchgroup, Hinge, Tinder, OkCupid, Bumble, Raya, Upward.

DEMAND FOR PRODUCTION NO. 30:

Any and all documents, contracts and/or information of rewards, benefits,

compensation, including, but not limited to money, cryptocurrency, points, badges, etc.

that you have received on Facebook, Instagram, and/or dating apps, including, but not

limited to AWDTSG/LA, Matchgroup, Hinge, Tinder, OkCupid, Bumble, Raya,

Upward.

DEMAND FOR PRODUCTION NO. 31:

Your comments and/or reply(ies) to comment(s) about plaintiff that were deleted

in the Facebook group AWDTSG/LA.

DEMAND FOR PRODUCTION NO. 32:

Any and all anonymous online statements you made about plaintiff online,

including, but not limited to on platforms such as Facebook, Instagram, and/or dating

apps, including, but not limited to: AWDTSG/LA, Matchgroup, Hinge, Tinder,

OkCupid, Bumble, Raya, Upward.

DEMAND FOR PRODUCTION NO. 33:

1   Any and all documents and/or information of money you received via online

2   donation platforms, including, but not limited to Gofundme.com, Facebook fundraisers

3

4   within the last five (5) years.

5   DEMAND FOR PRODUCTION NO. 34:

6

7   Any and all documents and/or information of male members in the Facebook

8   group: "Are We Dating The Same Guy?/Los Angeles".

9   DEMAND FOR PRODUCTION NO. 35:

10

11   Any and all reports and/or complaints of men that you have made to any and all

12   third parties, including, but not limited to Facebook, Instagram, and/or dating apps,

13

14   including, but not limited to: AWDTSG/LA, Matchgroup, Hinge, Tinder, OkCupid,

15   Bumble, Raya, Upward, within the last five (5) years.

16   DEMAND FOR PRODUCTION NO. 36:

17

18   Any and all reports and/or complaints that you have made to any and all third

19   parties, including, but not limited to Facebook, Instagram, and/or dating apps,

20   including, but not limited to: AWDTSG/LA, Matchgroup, Hinge, Tinder, OkCupid,

21

22   Bumble, Raya, Upward, within the last five (5) years.

23   DEMAND FOR PRODUCTION NO. 37:

24

25   Any and all documents and/or information of you harming men.

26   DEMAND FOR PRODUCTION NO. 38:

27

28

Any and all communications, including, but not limited to direct messages between you and Kelly Gibbons.

**DEMAND FOR PRODUCTION NO. 39:**

Any and all communications, including, but not limited to direct messages between you and Lena Vanderford.

**DEMAND FOR PRODUCTION NO. 40:**

Any and all communications, including, but not limited to direct messages between you and Liv Burger.

DATED:  10 October 2024

By: _/s/Stewart Lucas Murrey_____
Dr. Stewart Lucas Murrey
*In Pro Se*

PROOF OF SERVICE

I declare as follows:

I, Alexander J. Petale, Esq., am over the age of 18 years, and not a party to this action. My business address is 5478 Wilshire Blvd., Suite 430, Los Angeles, CA 90036, which is located in the county where the mailing described below took place. On 10 October 2024 I served the foregoing document(s) described as: Dr. Murrey's Demand for Inspection and Production of Documents, Set One (1), to:

Amy Lynne Blalock
1001 Gayley Ave. # 24381
Los Angeles, CA 90024
Tel. (310) 569-6182
amyblalock@gmail.com

I served a true copy of the document(s) above:

[X] By United States mail. I enclosed the documents in a sealed envelope or package addressed to the person(s) at the address(es) mentioned above and:

[ ] placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage full prepaid.

[ X] By e-mail or electronic transmission. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

[X] I hereby certify under the penalty of perjury that the foregoing is true and correct. Executed on 10 October 2024 at Los Angeles, California.

                     /s/Alexander J. Petale, Esq._____
                     Declarant

1  Amy Blalock
   1001 Gayley Ave #24381
2  Los Angeles, CA 90024
   amyblalock@gmail.com
3
   In Pro Se
4
                    **UNITED STATES BANKRUPTCY COURT**
5
                    **CENTRAL DISTRICT OF CALIFORNIA**
6

7

8  | In re: | Adversary Case No. 24-AP-01152-BR |
9  | AMY LYNNE BLALOCK, an individual; | Bankruptcy Case No. 24-bk-12532-BR |
   | | Chapter: 7 |
10 | Debtor, | |
   | STEWART LUCAS MURREY, an individual; | |
11 | Plaintiff, | **DEFENDANTS RESPONSES TO:** |
12 | | **PLAINTIFF'S DR. MURREY'S** |
   | AMY LYNNE BLALOCK, an individual; | **DEMAND FOR INSPECTION AND** |
13 | Debtor | **PRODUCTION OF DOCUMENTS TO** |
   | | **DEFENDANT MS. BLALOCK (SET** |
14 | | **ONE)** |

15

16

17

18    PROPOUNDING PARTY:    Plaintiff Dr. Murrey

19    RESPONDING PARTY:    Defendant Amy Blalock

20    SET NUMBER:    ONE

21
                                1

     RESPONSE TO DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS SET ONE

RESPONDING PARTY hereby answer PROPOUNDING PARTY'S PLAINTIFF'S DR.

MURREY'S DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS TO

DEFENDANT MS. BLALOCK (SET ONE)

**RESPONSE TO DEMAND FOR PRODUCTION NO. 1:**

The responding party is unable to comply with Request No. 1 because I am unaware of such

evidence.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 2 :**

The responding party can only produce evidence for Request No. 2 of an 'arrest' of the

plaintiff for murder.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 3:**

The responding party is unable to produce evidence for Request No. 3 because

the requested evidence is not in my knowledge.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 4:**

The responding party is unable to produce evidence for Request No. 4 because

the requested evidence no longer exists and/or is no longer in my possession. A diligent

search and reasonable inquiry have been made in an effort to comply with this demand.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 5:**

The responding party is unable to produce evidence for Request No. 5 because

the requested evidence no longer exists and/or is no longer in my possession. Given

2

access to the plaintiff's phone number throughout 2017 may help me locate phone records of any calls made to plaintiff.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 6:**

The responding party is unable to produce evidence for Request No. 6 because the requested evidence never existed.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 7:**

The responding party is unable to produce evidence for Request No. 7 because defendant is unaware of what Facebook points are and defendant no longer has Facebook. A diligent search and reasonable inquiry have been made in an effort to comply with this demand.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 8:**

The responding party is unable to produce evidence for Request No. 8 because defendant has never received rewards, compensation, salaries or payments from Facebook.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 9:**

The responding party is unclear of the request from plaintiff.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 10:**

The responding party is unable to produce evidence for Request No. 10 because I never knew Elly Shariat before the state lawsuit.

3

RESPONSE TO DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS SET ONE

1

2    **RESPONSE TO DEMAND FOR PRODUCTION NO. 11:**

3    The responding party is unable to produce evidence for Request No. 11 because the

4    requested evidence is something I am unaware of.

5    **RESPONSE TO DEMAND FOR PRODUCTION NO. 12:**

6    The responding party can produce evidence for Request No. 12 in part. I can produce

7    multiple Domestic Violence Restraining Order's brought against plaintiff.

8

9    **RESPONSE TO DEMAND FOR PRODUCTION NO. 13:**

10   The responding party is unable to produce evidence for Request No. 13 without first

     having the plaintiff give me any phone number he had from 2017, so I can research my

11   phone records. A diligent search and reasonable inquiry have been made in an effort to

12   comply with this demand.

13

14   **RESPONSE TO DEMAND FOR PRODUCTION NO. 14:**

15   The responding party is unable to produce evidence for Request No. 14 because I have

     never spoken to media outlets concerning plaintiff.

16

17   **RESPONSE TO DEMAND FOR PRODUCTION NO. 15:**

18   The responding party can produce some, but not all, of the requested items for No. 15,

19   because some of the requested items no longer exist, or are no longer in my possession.

     I can only produce what the plaintiff has already produced because I no longer have
20
     Facebook. A diligent search and reasonable inquiry have been made in an effort to
21

4

RESPONSE TO DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS SET ONE

comply with this demand.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 16:**

The responding party is unable to produce evidence for Request No. 16 because I no longer have Facebook. A diligent search and reasonable inquiry have been made in an effort to comply with this demand.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 17:**

The responding party is unable to produce evidence for Request No. 17 because the requested items no longer exist, or are no longer in my possession. A diligent search and reasonable inquiry have been made in an effort to comply with this demand.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 18:**

The responding party is unable to produce evidence for Request No. 18 because this is private financial information.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 19:**

The responding party is unable to produce evidence for Request No. 19 because I have never spoken to media outlets concerning plaintiff.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 20:**

The responding party is unable to produce evidence for Request No. 20 because I never started a GoFundMe or communicated with them.

5

RESPONSE TO DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS SET ONE

**RESPONSE TO DEMAND FOR PRODUCTION NO. 21:**

The responding party is unable to produce evidence for Request No. 21 because this is overreaching, private information that is irrelevant to the case.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 22:**

The responding party is unable to produce evidence for Request No. 22 because I have never worked for Facebook.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 23:**

The responding party will not provide evidence for Request No. 23. This information is private and irrelevant to this case.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 24:**

The responding party is unable to produce evidence for Request No. 24 because these items are no longer in my possession as I no longer have Facebook. A diligent search and reasonable inquiry have been made in an effort to comply with this demand.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 25:**

The responding party is unable to produce evidence for Request No. 25 because the request is too broad and an undue burden.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 26:**

The responding party is unable to produce evidence for Request No. 26 because I never complained about the plaintiff to any third party companies.

6

**RESPONSE TO DEMAND FOR PRODUCTION NO. 27:**

The responding party is unable to produce evidence for Request No. 27 because I never sent a notice to the plaintiff regarding my comments.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 28:**

The responding party is unable to produce evidence for Request No. 28 because it is an odd request and not something one can produce evidence for.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 29:**

The responding party is unable to produce evidence for Request No. 29 because in part, the request doesn't make sense and the request is broad and overreaching.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 30:**

The responding party is unable to produce evidence for Request No. 30 because no such documents exist.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 31:**

The responding party is unable to produce evidence for Request No. 31 because the requested items no longer exist.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 32:**

The responding party is unable to produce evidence for Request No. 32 because I never made anonymous statements online about plaintiff.

7

RESPONSE TO DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS SET ONE

**RESPONSE TO DEMAND FOR PRODUCTION NO. 33:**

The responding party is unable to produce evidence for Request No. 33 because this is private financial information.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 34:**

The responding party is unable to produce evidence for Request No. 34 because I am unaware of which men are in the group, I also no longer have Facebook.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 35:**

The responding party is unable to produce evidence for Request No. 35 because I have not made any reports or complaints to any third party companies, as stated in response No. 26.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 36:**

The responding party is unable to produce evidence for Request No. 36. This is an erroneous repeat of Request No. 35 and subsequently similar to Request No. 26

**RESPONSE TO DEMAND FOR PRODUCTION NO. 37:**

The responding party is unable to produce evidence for Request No. 37 because I have never harmed a man.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 38:**

The responding party is unable to produce evidence for Request No. 38 because it is

8

RESPONSE TO DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS SET ONE

1    irrelevant to this case.

2

3    **RESPONSE TO DEMAND FOR PRODUCTION NO. 39:**

4    The responding party is unable to produce evidence for Request No. 39 because it is

5    irrelevant to this case.

6    **RESPONSE TO DEMAND FOR PRODUCTION NO. 40:**

7    The responding party is unable to produce evidence for Request No. 39 because it is

8    irrelevant to this case.

9    Dated: November 17, 2024                                  _____

10                                                             AMY BLALOCK, DEFENDANT

11                                                             IN PRO SE

12

13

14                                        **VERIFICATION**

15    I, Amy Blalock, declare as follows:

16    1. I am the defendant in the adversary proceeding titled: 24-ap-01152-BR pending in the

      Central District of California.

17

18    2. I have read the foregoing **DEFENDANTS RESPONSES TO: PLAINTIFF'S DR.**

19    **MURREY'S DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS**

20    **TO DEFENDANT MS. BLALOCK (SET ONE)**

21
                                          9

RESPONSE TO DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS SET ONE

1    3. I am informed and believe that the same is true and correct.

2

3    I declare under penalty of perjury under the laws of the United States of America that the

4    foregoing answers are true and correct.

5

6    Executed at: Los Angeles, CA

7

8

9    Date: November 17th, 2024                              _____

10                                                AMY BLALOCK, DEFENDANT, IN PRO SE

11

12

13

14

15

16

17

18

19

20

21

10

1 | Amy Blalock
1001 Gayley Ave #24381
2 | Los Angeles, CA 90024
amyblalock@gmail.com
3 | In Pro Se

4

## UNITED STATES BANKRUPTCY COURT

5

## CENTRAL DISTRICT OF CALIFORNIA

6

7

| | |
|---|---|
| In re: | Adversary Case No. 24-AP-01152-BR |
| AMY LYNNE BLALOCK, an individual; | Bankruptcy Case No. 24-bk-12532-BR |
| Debtor, | Chapter: 7 |
| STEWART LUCAS MURREY, an individual; | |
| Plaintiff, | **DEFENDANTS RESPONSES TO:** |
| AMY LYNNE BLALOCK, an individual; | **PLAINTIFF'S DR. MURREY'S** |
| Debtor | **DEMAND FOR INSPECTION AND** |
| | **PRODUCTION OF DOCUMENTS TO** |
| | **DEFENDANT MS. BLALOCK (SET** |
| | **TWO)** |

PROPOUNDING PARTY:    Plaintiff Dr. Murrey

RESPONDING PARTY:    Defendant Amy Blalock

SET NUMBER:    TWO

1

RESPONSE TO DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS SET TWO

1    RESPONDING PARTY hereby answer PROPOUNDING PARTY'S PLAINTIFF'S DR.

2    MURREY'S DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS TO

3    DEFENDANT MS. BLALOCK (SET ONE)

4

**RESPONSE TO DEMAND FOR PRODUCTION NO. 41:**

5
The responding party is unable to comply with Request No. 41 because it is private financial

6    information.

7

8    **RESPONSE TO DEMAND FOR PRODUCTION NO. 42:**

9    The responding party is unable to comply with Request No. 42 because it is irrelevant to this

10    case.

11    **RESPONSE TO DEMAND FOR PRODUCTION NO. 43:**

12    The responding party is able to comply with Request No. 43 with a recent story about how

13    sharing information can help protect women:

14    https://www.cbsnews.com/colorado/news/victim-denver-cardiologist-stephen-matthews-scaries

15    t-date/

16    **RESPONSE TO DEMAND FOR PRODUCTION NO. 44:**

17    The responding party is unable to comply with Request No. 44 because I never had a

18    GoFundMe page and Elly Shariat is irrelevant to this case.

19

20    Dated: November 17, 2024                 _____

                                                AMY BLALOCK, DEFENDANT
21
                                2

IN PRO SE

**VERIFICATION**

I, Amy Blalock, declare as follows:

1. I am the defendant in the adversary proceeding titled: 24-ap-01152-BR pending in the Central District of California.

2. I have read the foregoing **DEFENDANTS RESPONSES TO: PLAINTIFF'S DR. MURREY'S DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS TO DEFENDANT MS. BLALOCK (SET TWO)**

3. I am informed and believe that the same is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing answers are true and correct.

Executed at: Los Angeles, CA

Date: November 17th, 2024                                    _____

AMY BLALOCK, DEFENDANT, IN PRO SE

3

RESPONSE TO DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS SET TWO

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1104 E chevy chase Dr.
Glendale CA 91205

A true and correct copy of the foregoing document entitled (specify):
1) Defendants Responses To Plaintiffs Request for Production. Set one
2) Defendants Responses To Plaintiffs Request for production Set Two

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL:**
On (date) 11/21/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Stewart Lucas Murrey
217 Wilshire Blvd #3055
Santa Monica CA 90403

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/21/24 | Kelsey Atkinson | _(signature)_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                **F 9013-3.1.PROOF.SERVICE**

1   Dr. Stewart Lucas Murrey
    1217 Wilshire Blvd. # 3655
2   Santa Monica, CA 90403
    Tel.: (424) 278-3017
3   Email: 2@lucasmurrey.io
    Website: lucasmurrey.com
4   SocialMedia: sickoscoop.com/lucas

5   Plaintiff & Plaintiff in Pro Se

6

7              UNITED STATES BANKRUPTCY COURT
8               CENTRAL DISTRICT OF CALIFORNIA

9

10  In re:                              Amended Adversary Complaint Case No.
                                        24-ap-01152-BR
11  MS. AMY LYNNE BLALOCK, an           [Assigned to: Hon. Judge Barry Russell]
    individual;
12          Debtor,
                                        Related: Bankruptcy Case No.
13  DR. STEWART LUCAS MURREY, an        24-bk-12532-BR-Chapter 7
    individual;                         [Assigned to: Hon. Judge Barry Russell]
14          Plaintiff,

15  MS. AMY LYNNE BLALOCK, an           PLAINTIFF'S DR. MURREY'S
16  individual;                         DEMAND FOR INSPECTION AND
            Defendant.                  PRODUCTION OF DOCUMENTS TO
17                                      DEFENDANT MS. BLALOCK (SET
                                        TWO)
18

19

20  PROPOUNDING PARTY:     Plaintiff Dr. Murrey

21  RESPONDING PARTY:      Defendant Ms. Blalock

22
    SET NO.:               TWO
23
            Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Dr.
24
25  Murrey hereby requests that Defendant Ms. Blalock (1) respond to this request, in

26  writing, within thirty (30) days from the date of service, and (2) produce and permit
27
28  inspection and copying of the documents described herein. The place of inspection

         PLAINTIFF DR. MURREY'S DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS TO
                                  DEFENDANT MS. BLALOCK
                                            1

shall be 1217 Wilshire Blvd. # 3655, in Los Angeles, CA 90403 and shall take place

on the date of 9 November 2024 and at the time of 8:00 A.M. In lieu of making a

personal appearance on the production date, Defendant may append copies of the

requested documents to his response to Plaintiff's Demand for Inspection and

Production of Documents.

I.

DEFINITIONS AND INSTRUCTIONS

A. "DOCUMENT" means a writing as defined by Federal Rules of Evidence

1001(1), and shall include without limitation, the original (and absent the original then

a copy thereof), all file copies and copies not identical to the original of any writing or

record of every type, form, and description that is in the possession, custody, or control

of the responding party, or that no longer is in the responding party's possession but of

that the responding party still has knowledge, whether or not said writings or records

are claimed to be privileged or otherwise immune from discovery including by way of

illustration and not limitation, the following items, whether said writings or records are

on paper, magnetic disk, tape, or other computer or digital storage medium, microfilm,

microfiche, floppy, or any other storage or recording medium.

B. Whenever the terms "YOU" and "YOUR" are used, they refer to Defendant

Blalock and her agents, employees, attorneys, accountants, investigators, and anyone

else acting on his behalf.

C. Whenever the term "INCIDENT" is used, it refers to the events as set forth in the operative Complaint.

D. The term "COMPLAINT" refers to the operative complaint filed by Plaintiff in this action.

## II.

## DEMAND FOR PRODUCTION

DEMAND FOR PRODUCTION NO. 41:

Any and all receipts, documents, documentation, communications, emails, texts, and any and all other communications concerning the GoFundMe money that you received from the GoFundMe webpage: https://www.gofundme.com/f/legal-fund-for-the-women-of-awdtsg-los-angeles.

DEMAND FOR PRODUCTION NO. 42:

Any and all receipts, documents, documentation, communications, emails, texts, and any and all other communications with the anonymous organizer(s) and/or member(s) of the GoFundMe webpage from which you received money: https://www.gofundme.com/f/legal-fund-for-the-women-of-awdtsg-los-angeles.

DEMAND FOR PRODUCTION NO. 43:

Any and all evidence of the Facebook group "Are We Dating The Same Guy?" protecting women.

DEMAND FOR PRODUCTION NO. 44:

PLAINTIFF DR. MURREY'S DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS TO
DEFENDANT MS. BLALOCK
3

Any and all messages, text messages, emails and/or communications concerning the removal of Elly Shariat's story of plaintiff stalking her on your GoFundMe webpage: https://www.gofundme.com/f/legal-fund-for-the-women-of-awdtsg-los-angeles.

DATED:  10 November 2024

By:  /s/Stewart Lucas Murrey
            Dr. Stewart Lucas Murrey
            *In Pro Se*

PROOF OF SERVICE

I declare as follows:

I am over the age of 18 years, and not a party to this action. My address is 1217 Wilshire Bvd. # 3655, Santa Monica, CA 90403, which is located in the county where the mailing described below took place. On 10 November 2024 I served the foregoing document(s) described as: Dr. Murrey's Requests for Production of Documents, Set Two (2), Interrogatories Set Two (2) and Requests for Admission, Set Two (2) to Ms. Blalock in the matter of Dr. Murrey v. Blalock (Federal Bankruptcy Case No. 24-ap-01152-BR) to:

Amy Lynne Blalock
1001 Gayley Ave. # 24381
Los Angeles, CA 90024
Tel. (310) 569-6182
amyblalock@gmail.com

I served a true copy of the document(s) above:

[ ] By United States mail. I enclosed the documents in a sealed envelope or package addressed to the person(s) at the address(es) mentioned above and:

[ ] placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage full prepaid.

[ X ] By e-mail or electronic transmission. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[  ] I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

[X] I hereby certify under the penalty of perjury that the foregoing is true and correct. Executed on 10 November 2024 at Los Angeles, California.

_/s/Lissette Velasques_____
Declarant