1  Dr. Stewart Lucas Murrey
   1217 Wilshire Blvd. # 3655
2  Santa Monica, CA 90403
   Tel.: (424) 278-3017
3  Email: 2@lucasmurrey.io
   SocialMedia: sickoscoop.com/lucas
4  Website: lucasmurrey.com



5  Plaintiff & Plaintiff in Pro Se

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re: | Adversary Complaint Case No. 24-ap-01152-BR |
|---|---|
| MS. AMY LYNNE BLALOCK, an individual;<br>     Debtor, | [Assigned to: Hon. Judge Barry Russell] |
| DR. STEWART LUCAS MURREY, an individual;<br>     Plaintiff, | **PLAINTIFF DR. MURREY'S NOTICE AND MOTION TO CONTINUE TRIAL DATE TO ADMIT NEWLY OBTAINED EVIDENCE; DECLARATION OF DR. MURREY** |
| MS. AMY LYNNE BLALOCK, an individual;<br>     Defendant. | Hearing Date:<br>Hearing Time:<br>Courtroom:    1668<br>Judge:          Hon. Barry Russell |

NOTICE IS HEREBY GIVEN of plaintiff Dr. Stewart Lucas Murrey's motion to continue the trial date currently set for 6 May 2025. Although plaintiff has been diligently seeking to obtain his medical records relevant to this case for months, through no fault of his own were said treatment records finally and first made available to him on 8 April 2025 (see the declaration of plaintiff Dr. Stewart Lucas Murrey ¶¶ 3-4, Exh. "1"). This psychological evaluation and assessment of Dr. Murrey shows significant damages (decl. Dr. Murrey ¶ 5, Exh. "2") and therefore

needs to be admitted as an exhibit for trial in support of plaintiff's case. For the reasons discussed below, plaintiff requests a continuance of the trial date to allow admission of this vital evidence into this matter as well as time sufficient for defendant Ms. Amy Blalock to provide her response and/or objections before trial.

### I.     PLAINTIFF'S PSYCHOLOGICAL EVAULATION

Plaintiff's newly obtained records of his twelve psychological evaluations and treatments which he underwent from 30 October 2024 through 10 March 2025 show that the stalking, harassment, defamation and cyberbullying of his person on Facebook and in which defendant Ms. Blalock freely engaged resulted in plaintiff suffering a "generalized anxiety disorder" (decl. Dr. Murrey ¶ 5, Exh. "2", specifically on pgs. 2, 4, 6, 8, 10, 12, 14, 18, 20, 22 and 25 of said medical records); "economic damage" (Ibid., pg. 6); "non-bizarre paranoia" (Ibid., pg. 14); "a toll on his personal relationships with family and love life" (Ibid., pg. 16); and that the "fallout" of this cyber-attack from this Facebook forum "and allegations" from said "website" and defendant caused a profound disturbance of plaintiff's "mental peace" (Ibid., pg. 20). Because of said assault "his life has been turned upside down by others who write things about him anonymously" (Ibid., pg. 22). Further, there is a significant diagnosis of depression (Ibid., pg. 24).

The report further summarizes that "in 2023 he [plaintiff] discovered anonymous Facebook accounts [of] women who falsely said they dated him and started Facebook groups about him. Ct reports the group is called 'Are we dating the same

guy' with over 300 Facebook accounts involved. Ct reports that he experienced" cyberbullying" and so he contacted the FBI and the LAPD to file a report. Ct reports he was 'forced to file a lawsuit' to bring 'these people to justice.' Ct reports about 4 months ago people found out where he lives and now he's forced to move. Ct reports this 'severely traumatic event' has impacted his health and that he's had to go to the doctors multiple time over the past few months. Ct reports this has caused him to lose jobs and his social support. Ct reports he's had to become more private. Ct reports he was also banned from 'dating sites' because the people who were cyberbullying him falsely accused him of causing harm. Ct reports they even said he murdered his ex-girlfriend who Ct reports died from cancer in 2018." (Ibid., pg. 26)

## II. A CONTINUANCE OF THE TRIAL DATE GIVEN PLAINTIFF'S NEWLY OBTAINED EVIDENCE IS WITHIN THE COURT'S DISCRETION AND REASONABLE

Given plaintiff's newly obtained evidence showing significant psychological damages as a result of the defamation and other forms of harassment in which defendant engaged, it is within this court's discretion and reasonable to continue the trial date. This will allow plaintiff to admit this newly obtained evidence and not prejudice defendant because time should also be allowed for Ms. Blalock to respond and/or object to said admission (*Saavedra v. Murphy Oil USA, Inc.* 930 F.2d 1104, 1107 (5th Cir. 1991) (citation omitted). See also *859 Moore's Manual section 20.02 at 20-18 n. 5 (the federal rules do not regulate the matters of continuances but leave their regulation to each of the district courts (citing *Pingatore v. Montgomery Ward*

& Co., 419 F.2d 1138 (6th Cir. 1969), *cert. denied* 398 U.S. 928, 90 S. Ct. 1818, 26 L.Ed.2d 90 (1970)).

Herein plaintiff's request is not based upon vague assertions, but plain and simple facts about events out of his control. Further, his response in filing this motion has been prompt and diligent. As he has stated to this court in the past, plaintiff's finances have been severely harmed by said defamation and cyber-attack such that he is forced to represent himself. Plaintiff's request is timely and any and all neglect is excusable because these "circumstances [...] are unique or extraordinary." *In re Ghosh*, 47 B.R. 374, 375 (E.D.N.Y. 1984). Herein the "failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *In re Maher*, 51 B.R. 848, 850 (Bkrtcy. N.D. Iowa 1985).

//

//

### III. CONCLUSION

Based on above-noted reasons, plaintiff respectfully requests a continuance of the trial date to admit his newly obtained evidence of his medical records and to

1 | allow time for defendant Ms. Blalock to respond and/or object to said admission
2 | prior to trial.
3 |
4 |
5 | Dated: 9 April 2025                    Respectfully submitted,
6 |
7 |                                        By: _____
8 |                                        Dr. Stewart Lucas Murrey
                                           Plaintiff & Plaintiff in Pro Se

# PROOF OF SERVICE

I declare as follows:

I am over the age of 18 years, and not a party to this action. My address is 1217 Wilshire Bvd. # 3655, Santa Monica, CA 90403, which is located in the county where the mailing described below took place. On 9 April 2025 I served the foregoing document(s) described as: Dr. Murrey's Motion to Continue Trial Date to Admit Newly Obtained Evidence, Declaration and Proposed Order in the matter of Dr. Murrey v. Blalock (Federal Bankruptcy Case No. 24-ap-01152-BR) to:

Amy Lynne Blalock
1001 Gayley Ave. # 24381
Los Angeles, CA 90024
Tel. (310) 569-6182
Email: amyblalock@gmail.com

I served a true copy of the document(s) above:

[ ] By United States mail. I enclosed the documents in a sealed envelope or package addressed to the person(s) at the address(es) mentioned above and:

[ ] placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage full prepaid.

[X] By e-mail or electronic transmission. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

[X] I hereby certify under the penalty of perjury that the foregoing is true and correct. Executed on 9 April 2025 at Los Angeles, California.

_____
Declarant