Dr. Stewart Lucas Murrey
1217 Wilshire Blvd. # 3655
Santa Monica, CA 90403
Tel.: (424) 278-3017
Email: 2@lucasmurrey.io
SocialMedia: sickoscoop.com/lucas
Website: lucasmurrey.com

Plaintiff & Plaintiff in Pro Se

**FILED**
APR 21 2025
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY ___ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MS. AMY LYNNE BLALOCK, an individual;<br>　　　Debtor,<br><br>DR. STEWART LUCAS MURREY, an individual;<br>　　　Plaintiff,<br><br>MS. AMY LYNNE BLALOCK, an individual;<br>　　　Defendant. | Adversary Complaint Case No. 24-ap-01152-BR<br>[Assigned to: Hon. Judge Barry Russell]<br><br>**PLAINTIFF DR. MURREY'S NOTICE AND MOTION TO CONTINUE TRIAL DATE TO ADMIT A FINAL EXHIBIT; DECLARE HIMSELF AND MS. BLAOCK WITNESSES TO BE CALLED TO THE STAND FOR TESTIMONY DURING TRIAL; AND TIME TO IDENTIFY EXPERTS AND/OR WITNESSES; DECLARATION OF DR. MURREY**<br><br>Hearing Date:<br>Hearing Time:<br>Courtroom:　1668<br>Judge:　　　Hon. Barry Russell |

NOTICE IS HEREBY GIVEN of plaintiff Dr. Stewart Lucas Murrey's motion to continue the trial date currently set for 6 May 2025. Although plaintiff is self-represented and has been harmed by the subject-defamation and cyber-bullying of this matter, he has in good faith been diligently researching the complex law foreign

- 1 -
Plaintiff's Notice and Motion to Continue Trial Date

to common sense that is relevant to the coming trial. Although plaintiff has already written a declaration authenticating exhibits to be admitted for trial (at least 2 of which were admitted), he is concerned that his own testimony has not yet been properly admitted as an exhibit in and of itself. As he seeks a fair and just trial, Dr. Murrey hereby attaches as Exhibit 1 his own declaration and testimony to be admitted as a final exhibit for trial (see the declaration of plaintiff Dr. Stewart Lucas Murrey ¶¶ 3-4, Exh. "1").

Further, plaintiff remains unclear if it is necessary or superfluous to this court to identify himself and Ms. Blalock as witnesses for trial i.e. to take the stand and testify during trial and to use said testimony for judgment of this matter. The flavor of the court thus far is that this is not necessary because it is an obvious element of this action and therefore needs not be mentioned. However, in good faith plaintiff respectfully requests that this court allow himself Dr. Murrey and Ms. Blalock be able to be called to testify during trial by themselves and/or the opposing party as well as allow the opposing party to cross-examin any and all self-represented narratives under oath, all of which to be used in this court's decision. If plaintiff has not satisfied any procedural requirements for allowing himself and Ms. Blalock to have their testimony witnessed and cross-examined during trial, plaintiff requests time to fulfill any such outstanding requirements.

Finally, concerning witness and/or expert testimony: the previously filed exhibit of plaintiff's medical treatment records i.e. psyche evaluation concerning his

state of mind and the psychological damages caused by said cyber-bullying and defamation, are records from a licensed clinical social worker, Ms. Lilia Santoyo, LCSW. Ms. Santoyo has appeared as an expert medical witness in several court cases in California. Although this court has made it clear that "alleged financial damages" are not relevant to this trial, if such expert testimony could be relevant e.g. not as hearsay, but as direct testimony during trial, plaintiff requests time to seek Ms. Santoyo's expert testimony for trial.

Similarly, plaintiff is gathering tax records and expert testimony from past employers, including one law office and at least one attorney, showing financial damages caused by Ms. Blalock and her accomplices. Again, should this be relevant to the coming trial as direct expert testimony (and not only "alleged" and/or "hearsay" damages), plaintiff then respectfully requests a continuance for time to identify and schedule said expert testimony.

### I. A CONTINUANCE OF THE TRIAL DATE GIVEN THE CRITICAL ELMENT OF THE SELF-REPRESENTED PLAINTIFF'S OWN TESTIMONY IS WITHIN THE COURT'S DISCRETION AND REASONABLE

Given the critical nature of the self-represented plaintiff's own testimony to be admitted as an exhibit (if necessary) as well as that of direct, non-hearsay, non-alleged testimony of said clinicians and/or employers/attorneys i.e. witnesses/experts, it is within this court's discretion and reasonable to admit this exhibit and allow further identification of witnesses for trial and continue the trial date. This will allow this matter to receive a fair and just trial. Further, defendant

will not be prejudiced in any way because she will then be allowed time sufficient to respond and/or object to said final admission (*Saavedra v. Murphy Oil USA, Inc.* 930 F.2d 1104, 1107 (5th Cir. 1991) (citation omitted). See also *859 Moore's Manual section 20.02 at 20-18 n. 5 (the federal rules do not regulate the matters of continuances but leave their regulation to each of the district courts (citing *Pingatore v. Montgomery Ward & Co.*, 419 F.2d 1138 (6th Cir. 1969), *cert. denied* 398 U.S. 928, 90 S. Ct. 1818, 26 L.Ed.2d 90 (1970)).

## II.   CONCLUSION

Based on above-noted reasons, plaintiff respectfully requests this court admit plaintiff's own testimony in the form of his above-noted and attached declaration exhibit and to allow time for defendant Ms. Blalock to respond and/or object to said admission prior to trial.

Dated: 18 April 2025                    Respectfully submitted,

By: _____
Dr. Stewart Lucas Murrey
Plaintiff & Plaintiff in Pro Se

# PROOF OF SERVICE

I declare as follows:

I am over the age of 18 years, and not a party to this action. My address is 1217 Wilshire Bvd. # 3655, Santa Monica, CA 90403, which is located in the county where the mailing described below took place. On 20 April 2025 I served the foregoing document(s) described as: Dr. Murrey's Motion to Continue Trial Date to Admit His Declaration as a Trial Exhibit, Declaration and Proposed Order in the matter of Dr. Murrey v. Blalock (Federal Bankruptcy Case No. 24-ap-01152-BR) to:

Amy Lynne Blalock
1001 Gayley Ave. # 24381
Los Angeles, CA 90024
Tel. (310) 569-6182
Email: amyblalock@gmail.com

I served a true copy of the document(s) above:

[ ] By United States mail. I enclosed the documents in a sealed envelope or package addressed to the person(s) at the address(es) mentioned above and:

[ ] placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage full prepaid.

[X] By e-mail or electronic transmission. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

[X] I hereby certify under the penalty of perjury that the foregoing is true and correct. Executed on 21 April 2025 at Los Angeles, California.

_____
Declarant